IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOYTRACKERZ LLC,
and NOAH C. COOP,

                Plaintiffs,                           Civil Action

v.                                       Case No. 08-2297-GLR

AMERICAN PLASTIC EQUIPMENT, INC.,
et al.,

                Defendants.

## MEMORANDUM AND ORDER

By their complaint, Plaintiffs, Toytrackerz LLC, ("Toytrackerz") and one of its managing members, Noah Coop, assert claims for statutory trademark infringement and false advertising under the Lanham Act,[1] common law trademark infringement and unfair competition, cybersquatting,[2] business defamation and injury to business reputation, cancellation of trademark, and invasion of privacy against defendants American Plastic Equipment, Inc. ("American Plastic"), L. Jill Koehler dba Koehler Customs ("Koehler"), Michael Kosowski dba Friends of Johnny ("Kosowski"), and Robin Bone dba Robin Bone Toys ("Bone").[3]  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter is

---

[1] 15 U.S.C. §§ 1051 *et seq.*

[2] 15 U.S.C. § 1125(d).

[3] Plaintiffs originally named Tristan Koehler as a defendant in this action.  On November 14, 2008, the Court issued an Order to Show Cause (doc. 29) to Plaintiffs based upon their failure to obtain service of process on defendant Tristan Koehler.  In their response to the Order to Show Cause (doc. 31), Plaintiffs stated that they no longer intend to proceed against Tristan Koehler and requested that he be dismissed without prejudice as a defendant.  On April 27, 2009, the Court entered an order (doc. 71) dismissing him without prejudice from the case.

before the Court upon the Motion to Dismiss Due to Lack of Personal Jurisdiction Over Defendant American Plastic Equipment, Inc. (doc. 33). For the reasons set forth below, the motion is sustained.

## I.     Background Facts

Plaintiff Toytrackerz is a limited liability company, organized under the law of Kansas and with its principal place of business in Fort Scott, Kansas. It designs, manufactures, packages, promotes and offers for sale 1:6 scale western-style, collectible toy action figures and accessories via the Internet and trade shows in the Kansas area, as well as throughout the United States and abroad.[4] Toytrackerz conducts business under the trade names "Circle X Ranch," "Marxman Bros Creations," and "Marx Toys Co., Inc."[5] It uses the trademarks "Magic Marxie" [figural logo], "Marx," "Johnny West," "Johnny West Adventure," "Fort Apache Fighters," "Circle X Ranch," "Best of the West," "Jed Gibson," and "Marxman." It claims to have valid, protected, actionable, and enforceable rights in all of these trade names and trademarks.

Defendant American Plastic is a Florida corporation with its office and principal place of business in Ohio. The complaint alleges that American Plastic, through its licensees Koehler, Kosowski, and Bone, has manufactured and offered for sale in the market for collectible 1:6 scale action figure goods bearing the Toytrackerz trademarks. It further alleges that American Plastic, through its licensees Koehler, Kosowski, and Bone, has engaged in a series of comparative advertisements, promotional initiatives, and sales statements directed to the market for collectible 1:6 scale action figures, which includes Toytrackerz' products. In these advertisements, initiatives, and statements, Defendants allegedly make false and misleading claims and representations about

---

[4]Compl. (doc. 1) ¶ 2.

[5]*Id.* at ¶ 3.

the quality and origin of Toytrackerz' products, as well as disparaging comments about the business and personal reputation of the owners of Toytrackerz.

Defendant Koehler is a resident of the state of Ohio. She appears *pro se*. Plaintiffs allege that defendant Koehler has offered for sale action figures goods bearing the Toytrackerz trademarks on her websites and eBay. She also allegedly prints and distributes display packaging and packaging inserts bearing the allegedly infringing trademarks.

Defendant Kosowski is a resident of the state of New York. He too appears *pro se*. Plaintiffs allege that defendant Kosowski is the registered owner of the domain names "www.robinbonetoys.com" and "www.friendsofjohnny.com." Defendants Kosowski and Bone, acting in concert, allegedly use these websites to announce, advertise, promote, and offer for sale, goods that bear the Toytrackerz trademarks. Plaintiffs further allege that defendant Kosowski is the registered owner of domain names essentially identical to the Toytrackerz trademarks.

Defendant Bone is a resident of Wisconsin. He also represents himself *pro se*. Plaintiffs allege that defendant Bone is registered to conduct business on eBay and conducts this business through the fixed-price interactive commercial 'web-store' option hosted by eBay. Plaintiffs allege that through this eBay web-store Bone offers, or has offered, goods for sale that bear the Toytrackerz trademarks.

Plaintiffs allege in paragraph 9 of their complaint that the Court has personal jurisdiction over defendants because they have advertised, offered for sale, distributed, sold, or participated in the sale of merchandise within Kansas. They further allege that defendants have engaged in acts or omissions within Kansas that cause injury, engaged in acts or omissions outside of Kansas that result in injury within the state, manufactured or distributed products used or consumed within Kansas in

the ordinary course of trade, or otherwise made or established contacts with Kansas sufficient to permit the Court to exercise personal jurisdiction over them in Kansas.

## II.    History of the Dispute Between Toytrackerz and American Plastic

The present lawsuit is not the first that involves a dispute between Toytrackerz and American Plastic over ownership of trademarks.  On or about December 3, 2005, Defendant American Plastic sent a cease-and-desist letter to Noah Coop.[6]  American Plastic  accused Toytrackerz of infringing its trademark "Marx Toys" and related brands, including "Circle X Ranch," "Fort Apache," "Best of the West," "Johnny West Adventure," "Johnny West," and "Marxman" or "Marxman Bros." American Plastic threatened legal action, including criminal prosecution against Toytrackerz.

In January 6, 2006, Toytrackerz filed a declaratory judgment against American Plastic in the District Court of Bourbon County, Kansas ("State Court Action").  In that action, Toytrackerz sought a judgment to declare that American Plastic was without right or authority to threaten or to maintain suit against it for alleged trademark infringement under state or common law for the trademarks "Circle X Ranch," "Fort Apache Fighters," "Best of the West," "Johnny West Adventure," "Johnny West," "Marxman," and "Marxman Bros."  The petition sought to enjoin American Plastic and its licensees from using any form of media to state, suggest, insinuate or intimate that Toytrackerz is engaging in trademark infringement.

On January 9, 2006, Toytrackerz received a notice of claimed infringement ("NOCI") under eBay's Verified Rights Owner ("VeRO") program.  The notice advised Toytrackerz that eBay had terminated its auction for eight items in its recent eBay listing, based upon a report by American

---

[6]*See* Ex. 9 to Pls.' Resp. to Def. American's Mot. to Dismiss for Lack of Jurisdiction (doc. 36-10).

Plastic that the auction violated its intellectual property rights.[7]

On February 8, 2006, American Plastic removed the State Court Action to the United States District Court for the District of Kansas, captioned *Toytrackerz LLC dba Circle K Ranch v. American Plastic Equipment, Inc.,* No. 06-2042-DJW ("2006 D. Kan. action").[8]  American Plastic filed its answer and counterclaim on March 1, 2006.  It asserted a counterclaim against Toytrackerz and additional parties Noah and Terri Coop, whom American Plastic alleged to be principals of Toytrackerz.

On March 9, 2006, Toytrackerz filed a motion to remand the case to state court.  The court granted the motion.  It found federal jurisdiction lacking because the claims were based on the Kansas Trademark Act and Kansas common law.  The court also found diversity jurisdiction lacking because of insufficient facts to support an amount in controversy that exceeds $75,000.  On August 30, 2006, Magistrate Judge Waxse remanded the case to the District Court of Bourbon County.  On October 31, 2006, American Plastic refiled its answer and counterclaim in the State Court Action.  That counterclaim was identical to the one it had filed in federal court.

On March 9, 2007, American Plastic filed a complaint in the United States District Court for the Western District of Missouri, captioned *American Plastic Equipment, Inc. v. Toytrackerz, LLC*, et al., Case No. 07-cv-1185-SOW.  On June 11, 2007, the Western District of Missouri granted the motion of Toytrackerz to transfer the action to this Court, where it bears Case No. 07-2253-DJW ("2007 D. Kan. action").

---

[7]*See* Ex. 10 to Pls.' Resp. to Def. American's Mot. to Dismiss for Lack of Jurisdiction (doc. 36-11).

[8]*See* Exh. 11 to Pls.' Resp. to Def. American's Mot. to Dismiss for Lack of Jurisdiction (doc. 36-12).

5

On June 7, 2007, American Plastic filed a "Voluntary Withdrawal of Answer, Counterclaim and Third Party Claim" in the State Court Action.  It asked that its answer, counterclaim, and third-party claims be dismissed without prejudice.  On August 1, 2007, a Journal Entry of Judgment, signed by the parties and the state court judge, was filed in the State Court Action.[9]  It dismissed the answer, counterclaim, and third-party claims of American Plastic.  It also stated that American Plastic has no protected or actionable interest under either K.S.A. 81-202 *et seq.* or Kansas common law with regard to many of the trademarks that are the subject of the instant action.

On March 31, 2008, Magistrate Judge Waxse granted Toytrackerz' motion to dismiss Counts II-IX of American Plastic's complaint in the 2007 D. Kan. action.[10]  Three months later, on June 30, 2008, Toytrackerz and Noah Coop filed the instant action against American Plastic and its alleged licensees, Koeher, Kosowski, and Bone.  American Plastic filed the instant Motion to Dismiss Due to Lack of Personal Jurisdiction Over Defendant American Plastic Equipment, Inc. (doc. 33) on December 11, 2008.

### III.    Standard for Ruling on a Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges a court's personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.[11]  When, as in this case, the district court considers a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal

---

[9]*See* Exh. 2 to Pls.' Resp. to Def. American's Mot. to Dismiss for Lack of Jurisdiction (doc. 36-3).

[10]Subsequently, on March 31, 2009, Magistrate Judge Waxse granted Toytrackerz' motion for summary judgment on American Plastic's sole remaining copyright infringement claim.

[11]*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

jurisdiction to defeat the motion."[12] The plaintiff may make this prima facie showing by demonstrating, by affidavit or other written materials, facts that if true would support jurisdiction over the defendant.[13]

In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits.[14]   Only the well-pled facts of the plaintiff's complaint, however, as distinguished from mere conclusory allegations, must be accepted as true.[15]  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the moving party's contrary presentation.[16]  In order to defeat the plaintiff's prima facie showing of personal jurisdiction, the moving defendant must present a compelling case demonstrating "that the presence of some other considerations would render jurisdiction unreasonable."[17]

## IV. Whether Plaintiffs Have Established Personal Jurisdiction Over Defendant American Plastic

Pursuant to Fed. R. Civ. P. 12(b)(2), defendant American Plastic asks the Court to dismiss with prejudice Plaintiffs' claim against it for lack of personal jurisdiction.  American Plastic offers

---

[12]*Id.*

[13]*Id.*

[14]*Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).

[15]*Id.*

[16]*Id.*

[17]*OMI Holdings,* 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

the Declaration of Jay Horowitz, who claims to be its sole shareholder and director, in support of its motion to dismiss.[18]  Mr. Horowitz states in his Declaration that American Plastic is a Florida corporation that operates out of Sebring, Ohio.  He further states that American Plastic has never transacted any business within the state of Kansas, has never produced any article of manufacture in Kansas, has never had an office or assets in Kansas, and has never had licensees, assignees, or agents in Kansas, except for its attorneys of record.  He further states that American Plastic does not own or operate an Internet website and does not use the internet to offer for sale or promote any articles.  It has no contacts whatsoever with Kansas other than the infringement litigation involving plaintiff Toytrackerz.

In determining whether a federal court has personal jurisdiction over a non-resident defendant, the court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[19]  Where, as here, the underlying action is based on a federal statute, the court applies state personal jurisdiction rules if the federal statute does not specifically provide for national service of process.  Because neither the Lanham Act[20] nor the Anti-Cybersquatting Consumer Protection Act ("ACPA")[21] provide for nationwide service of process, the Court looks to the Kansas long-arm statute.

A.     The Kansas Long-Arm Statute

[18]*See* Exh. 1 to Mot. to Dismiss for Lack of Jurisdiction Over Def. American Plastic (doc. 33-2).

[19]*Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

[20]15 U.S.C. §§ 1051 *et seq*.

[21]15 U.S.C. § 1125.

Plaintiffs contend that specific personal jurisdiction is proper under the Kansas long-arm statute, K.S.A. 60-308(b), in that defendant American Plastic's activities demonstrate that it deliberately established minimum contacts with Kansas and that it purposefully availed itself of the privilege of conducting activities in such as way as to reasonably anticipate being haled into court in Kansas.  The Kansas long-arm statute, K.S.A. 60-308(b)(1), provides in pertinent part as follows:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (A) Transaction of any business within this state;
> (B) commission of a tortious act within this state;
>
>         *      *      *
>
> (G) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (i) the defendant was engaged in solicitation or service activities within this state; or (ii) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use[.]

The Kansas long-arm statute authorizes the exercise of jurisdiction to the full extent permitted by the constitution.[22]  As the Kansas long arm statute is liberally construed by Kansas courts, jurisdiction is generally considered proper under Kansas law and courts proceed directly to the due process issue.[23]

**B.      Due Process**

"The Due Process Clause protects an individual's liberty interest in not being subject to the

---

[22]*In re Hesston Corp.*, 254 Kan. 941, 951, 870 P.2d 17, 25 (1994) (Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause).

[23]*See OMI Holdings,* 149 F.3d at 1091.

binding judgments of a forum with which [the defendant] has established no meaningful 'contacts, ties, or relations.' "[24]  Therefore, the "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state."[25]  The standard for minimum contacts may be met in two ways.  First, a court may have general jurisdiction over the defendant based on the defendant's general business contacts with the forum state.[26]  Second, a court may assert specific jurisdiction over a nonresident defendant " 'if the defendant has "purposefully directed" his [or her] activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.' "[27]

Even if the defendant's actions create sufficient minimum contacts, the court must still consider whether the exercise of personal jurisdiction over the defendant "would offend traditional notions of 'fair play and substantial justice.' "[28]  This question turns on whether the district court's exercise of personal jurisdiction over the defendant is reasonable under the circumstances of the case.[29]

## 1.    Specific Personal Jurisdiction

Plaintiffs only assert *specific* personal jurisdiction over defendant American Plastic.  They

---

[24]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[25]*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[26]*Id.* (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)).

[27]*Benton*, 375 F.3d at 1075 (quoting *Burger King*, 471 U.S. at 472).

[28]*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Burger King*, 471 U.S. at 476).

[29]*Id.* (quoting *Burger King*, 471 U.S. at 477-78).

contend that it had the necessary minimum contacts by virtue of having participated in a civil conspiracy with the other defendants that has resulted in tortious activities damaging to Plaintiffs. They alternatively argue that American Plastic, under the *Calder* effects test, discussed below, has sufficient minimum contacts with Kansas to support a finding of specific personal jurisdiction.

Analysis for personal jurisdiction involves a two-step inquiry.  First, the court determines whether the defendant's conduct and connection with the forum State are such that he "should reasonably anticipate being haled into court there."[30]  Within this inquiry the court must determine whether the defendant purposefully directed its activities at residents of the forum,[31] and whether the plaintiff's claim arises out of or results from "actions by the defendant himself that create a substantial connection with the forum state."[32]  Second, if the defendant's actions create sufficient minimum contacts, the court must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice."[33]  This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case.[34]

### a.  Minimum contacts

The first prong of the due process test looks at whether the defendant has sufficient minimum

---

[30]*World-Wide Volkswagen*, 444 U.S. at 297.

[31]*Burger King*, 471 U.S. at 472.

[32]*Asahi Metal Ind. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).

[33]*Id.* at 113 (quoting *Int'l Shoe*, 326 U.S. at 316).

[34]*OMI Holdings*, 149 F.3d at 1091.

contacts with the forum state.  In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.[35]  A court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[36]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[37]  In the context of intentional torts, this test has been alternatively stated as whether the defendant's actions " 'were expressly aimed at' the forum jurisdiction and [whether] the forum jurisdiction was 'the focal point' of the tort and its harm."[38]  The purposeful availment/express aiming requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."[39] Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.[40]  The contacts with the forum state must be such that it is foreseeable that the defendant "should reasonably anticipate being haled into court

---

[35]*OMI Holdings,* 149 F.3d at 1091.

[36]*Burger King*, 471 U.S. at 472 (internal quotations omitted).

[37]*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319).

[38]*Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995) (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1983)).

[39]*Burger King*, 471 U.S. at 475 (internal citations and quotation marks omitted).

[40]*Id.*

there."[41]

Mere allegations that an out-of-state defendant has committed business torts that have allegedly injured a forum resident "does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."[42]   The Court must make a particularized inquiry as to the extent to which the defendant purposefully availed itself of the benefits of the laws of the forum.[43]   The Court examines contacts created by the out-of-state defendants in committing the alleged tort.[44]

### (1)      Civil conspiracy theory of jurisdiction

Plaintiffs argue that the Court has jurisdiction over American Plastic because of a conspiracy with its co-defendants.  Under this theory of jurisdiction, if one conspirator commits acts in Kansas in furtherance of the conspiracy and that conspirator falls under the long-arm statute, jurisdiction can be obtained as to all conspirators.[45]   In ascertaining the facts necessary to establish jurisdiction, the court looks only to the well pled facts of the complaint, as distinguished from mere conclusory allegations.[46]   In order for the court to find personal jurisdiction based on a conspiracy theory, the plaintiff must offer more than "bare allegations" that a conspiracy existed, and must allege facts that

---

[41]*World-Wide Volkswagen*, 444 U.S. at 297.

[42]*Far West Capital,* 46 F.3d at 1079.

[43]*Id.*

[44]*Id.* at 1079-80.

[45]*Merriman v. Crompton Corp.*, 282 Kan. 433, 464, 146 P.3d 162, 181 (2006).

[46]*Ten Mile Indus. Park*, 810 F.2d at 1524.

would support a prima facie showing of a conspiracy.[47]

In this instance, however, the complaint asserts no specific claim of conspiracy.  It contains no specific allegations of a conspiracy between or among the defendants.  It contains general allegations that American Plastic "continued, encouraged, and facilitated" the infringing activity of its licensees and "agreed, approved, allowed and sanctioned" this activity.   It further alleges that American Plastic was aware of and approved the activities of its co-defendants as its licensees and failed to police and restrain them.  These bare, general allegations are hardly more than mere conclusions.  The Court does not find them sufficient to establish a prima facie showing of a civil conspiracy between American Plastic and any of the co-defendants as its alleged licensees.  The Court cannot find that the facts alleged against Defendant American Plastic meet the requirement of "well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations."[48] Plaintiffs have not met their threshold burden of establishing personal jurisdiction over American Plastic under a conspiracy theory of jurisdiction.

### (2)      Jurisdiction under *Calder* effects test

Plaintiffs also argue that, under the *Calder* effects test, American Plastic has sufficient minimum contacts with Kansas to support a finding of specific personal jurisdiction.  It argues that jurisdiction can be imputed to American Plastic through the acts of its licensees, Koehler, Kosowski, and Bone.

---

[47]*Melea, Ltd. v. Jawer SA,* 511 F.3d 1060, 1069 (10th Cir. 2007); *see also Baldridge v. McPike, Inc*., 466 F.2d 65, 68 (10th Cir. 1972) ("[m]ere allegation of conspiracy, without some sort of prima facie factual showing of a conspiracy, cannot be the basis of personal jurisdiction of co-conspirators outside the territorial limits of the court.").

[48]*Ten Mile Indus. Park*, 810 F.2d at 1524.

In *Calder v. Jones*,[49] the Supreme Court set out an "effects test," which provided that the exercise of personal jurisdiction over a nonresident defendant does not violate due process when (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum state, such that the forum state was the focal point of the tortious activity; and (3) defendant expressly aimed the tortious conduct at the forum, such that the forum state was the focal point of the tortious activity.[50]  In *Calder*, actress Shirley Jones, of Partridge Family fame, brought suit in California alleging libel, invasion of privacy and intentional infliction of emotional harm based on an article published in the *National Enquirer*.[51]  While the *Enquirer* and its distributor chose not to contest jurisdiction, the writer and editor, both residents of Florida, challenged the authority of the California courts to hear the suit, arguing that the article at issue was written and edited in Florida and, though the *Enquirer* was distributed nationally, the individual defendants had few contacts with California.  The Supreme Court found personal jurisdiction was proper in California based on the "effects" of the defendants' Florida conduct in California.[52]  The Court reasoned:

> The allegedly libelous story concerned the California activities of a California resident.  It impugned the professionalism of an entertainer whose television career was centered in California.  The article was drawn from California sources, and the brunt of the harm, in terms both of [the plaintiff's] emotional distress and the injury to her professional reputation, was suffered in California.  In sum, California is the focal point both of the story and of the harm suffered.[53]

---

[49]465 U.S. 783, 788-790 (1984)

[50]*Id.*

[51]*Id.* at 785-86.

[52]*Id.* at 789.

[53]Id. at 788-89.

In *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,[54] the Tenth Circuit distilled the *Calder* rule in the context of tort claims to find that purposeful direction may exist when a defendant engaged in "(a) an intentional action . . . (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state."  While some courts adopt a broad interpretation of the requirement that the action be expressly aimed at the forum state, finding it satisfied where the defendant "individually target[s] a known forum resident,"[55] the Tenth Circuit, has taken a more restrictive approach, "holding that the forum state itself must be the 'focal point of the tort.'"[56]

Here, Plaintiffs fail to allege any intentional action by American Plastic that is expressly aimed at Kansas, the forum state, with knowledge that the brunt of the injury would be felt in Kansas.  All the claimed infringement, false advertising, cybersquatting, and other tortious actions are alleged to have been committed by American Plastic's licensees, Koehler, Kosowski, and Bone.  Plaintiffs do not allege that American Plastic itself manufactured or offered for sale action figures bearing Toytrackerz' trademarks or engaged in a series of comparative advertisements, promotional initiatives, and sales statements targeting Toytrackerz' products.  According to Plaintiffs, American Plastic's unlawful activities are that it "continued, encouraged, and facilitated," as well as "agreed, approved, allowed and sanctioned " the actions of its licensees.   The complaint further alleges that American Plastic was aware of and approved of the licensees' activities and failed to police and restrain its licensees.  These allegations of primarily passive conduct on the part of American Plastic

---

[54]514 F.3d 1063, 1072 (10th Cir. 2008)  (interpreting *Calder v. Jones*, 465 U.S. 783 (1984)).

[55]*Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

[56]*Dudnikov*, 514 F.3d at 1075 n. 9 (quoting *Far West Capital*, 46 F.3d at 1080).

outside the forum state do not show conduct by which it should be deemed to purposefully avail itself of the privilege of conducting activities within Kansas, and thus invoking the benefits and protections of its laws. Instead, Plaintiffs would hale American Plastic into court in Kansas only because of the unilateral activity of its licensees in operating their independent websites from other states into Kansas.

Plaintiffs cite no binding authority that personal jurisdiction over a non-resident defendant who is not its agent, but only an alleged licensee of its ostensible trademarks. In the Federal Circuit, at least one court has held that within the context of an exclusive licensor-licensee relationship, a licensor can be subject to personal jurisdiction in a forum state where the licensor has a "relationship with an exclusive licensee headquartered or doing business in the forum state."[57] This requires that the court closely examine the license agreement and consider whether the agreement creates an ongoing relationship between the licensor and licensee, such that the activities of the licensee can be imputed to the licensor.[58] The licensor is subject to personal jurisdiction if the license agreement provides that both the licensor and licensee are required, and have the right, to litigate infringement claims, where there is an agreement for the licensor to indemnify the licensee for any third-party infringement action, or where the licensor exercises control over the licensee's sales or marketing activities.[59]

Were the Court inclined to follow the Federal Circuit's rule subjecting a licensor to personal jurisdiction because of contacts of its licensee with the forum state, Plaintiffs have nevertheless not

---

[57]*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc*., 444 F.3d 1356, 1366 (Fed. Cir. 2006).

[58]*Id.* at 1367.

[59]*Id.* at 1365-66.

shown that any licensee of American Plastic is headquartered or doing business in Kansas. The three licensees named as defendants in this action are out-of-state individuals, operating their own commercial websites or eBay websites that allegedly offer for sale the toy figures and accessories that infringe upon Toytrackerz' trademarks. The Court finds no sufficient basis for subjecting American Plastic, as a licensor, to personal jurisdiction, based upon licensees' contacts with Kansas.

Other than through the actions of its licensees, there is no evidence that American Plastic has any contacts with Kansas that would be sufficient for the Court to exercise personal jurisdiction over it in this litigation. Plaintiffs have thus failed to establish that American Plastic engaged in intentional action that was expressly aimed at Kansas with knowledge that the brunt of the injury would be felt in Kansas. The Court cannot find that Defendant American Plastic has purposefully directed its activities at residents of Kansas for the purpose of establishing minimum contacts with Kansas.

As the Court finds that Plaintiffs have failed to establish any action by American Plastic that would create sufficient minimum contacts with the state of Kansas, the Court need not consider the second part of the due process analysis, i.e., whether the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice.

### C.      Consent to jurisdiction

Plaintiffs also argue that American Plastic has consented to personal jurisdiction in Kansas by the following three separate actions:  In December 2005, American Plastic sent Plaintiffs a cease and desist letter threatening civil legal action and criminal prosecution if Toytrackerz continued to use the disputed trademarks. Then in January 2006, American Plastic filed a Notice of Claimed Infringement to have Toytrackerz' eBay auctions terminated.  Finally, in January 2006, American

18

Plastic filed responsive pleadings in the District Court of Bourbon County.  At no time did it object to the court's exercise of personal jurisdiction in that case, which in August 2007 yielded a consent order in favor of Plaintiffs.  The Court finds none of these arguments persuasive.  It is true that a parties' action can be construed as to imply consent to the personal jurisdiction of the court.[60]  In this case, however, the Court finds that American Plastic's actions in sending a cease and desist letter to Toytrackerz in December 2005, having Toytrackerz' eBay auction terminated in January 2006, and failing to object to the state court's exercise of personal jurisdiction in the State Court Action does not constitute implied consent to personal jurisdiction in the case now before the Court. American Plastic's actions in defending itself in the State Court Action filed by Toytrackerz and in bringing an action in the Western District of Missouri, which was later transferred on the motion of Toytrackerz, do not support a finding that American Plastic has impliedly consented to personal jurisdiction in this case.  Any waiver of a defense of lack of personal jurisdiction in those prior actions does not carry over to this case.  Plaintiffs do not make any argument suggesting, and the Court finds no other facts to suggest, that American Plastic has waived its defense of lack of personal jurisdiction in this case.

**IT IS THEREFORE ORDERED THAT** the Motion to Dismiss Due to Lack of Personal Jurisdiction Over Defendant American Plastic Equipment, Inc. (doc. 33) is sustained, as set forth herein.  This action and the claims asserted in the complaint against Defendant American Plastic Equipment, Inc. are dismissed for lack of jurisdiction over the Defendant.

---

[60]*See Burger King,* 471 U.S. at 473 n.14 ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.' ") (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Dated in Kansas City, Kansas on this 6th day of May, 2009.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge