# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | | |
|---|---|---|
| TOYTRACKERZ LLC | ) | |
| And NOAH COOP | ) | |
|     Plaintiffs; | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-2297 JWL/GLR |
| | ) | |
| AMERICAN PLASTIC EQUIPMENT INC. | ) | |
| JILL KOEHLER, Defendant | ) | |
| MICHAEL KOSOWSKI, Defendant | ) | |
| ROBIN BONE, Defendant | ) | |
| TRISTAN KOEHLER, Defendant | ) | |

## ANSWER AND COUNTERCLAIM

**In response to Plaintiffs' Complaint, Defendant Koehler states: (Complaint was copied exactly from Plaintiffs' original.  Any discrepancies in numbering or other issues result from the original complaint.)**

    1. This is an action at law and equity for statutory trademark infringement, common law trademark infringement, false advertising, cybersquatting, unfair competition, injury to business reputation, business defamation, and other tortious or deceptive trade practices arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Kansas state law as well as the common law tort of invasion of privacy.

    **DENIED by Defendant.**

2. Toytrackerz LLC is a limited liability company organized under the laws of Kansas and having its principal place of business in Bourbon County, Kansas. Toytrackerz designs, packages, advertises, manufactures, and sells 1:6 scale western style action figures and accessories via the internet and trade shows in the Kansas area, as well as throughout the United States and abroad.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

3. Toytrackerz conducts continuing business under the trade names 'Circle X Ranch', 'Marxman Bros Creations' and 'Marx Toys Co., Inc.' Toytrackerz uses the trademarks "Magic Marxie" [figural logo], "Marx", "Johnny West", "Johnny West Adventure", "Fort Apache Fighters", "Circle X Ranch", "Best of the West", "Jed Gibson", and "Marxman".  Toytrackerz has valid, protected, actionable, and enforceable rights in all the trade names and trademarks listed above.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

4. Toytrackerz markets, showcases, advertises, discusses, and promotes its products through the websites: "www.marxmanbros.com", "www.magicmarxie.com", and "www.circlexranch.com." Furthermore, Toytrackerz operates an online collector club named 'Circle X Ranch' at "http://groups.yahoo.com/group/circlexranch/". Toytrackerz also owns, but has not developed the Internet website "www.johnnywestadventure.com". Toytrackerz also offers goods for sale via "www.ebay.com" under the user IDs 'toylawyer' and 'marxman'.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

4. American, through its licensees Koehler, Kosowki, and Bone, is a direct competitor of Toytrackerz and offers for sale 1:6 scale western style action figure accessories (Kosowski and Bone) and western style display boxes for 1:6 scale action figures and horses (Koehler). These goods are marketed, showcased, advertised,

discussed, and promoted through the following websites: "www.koehlercustoms.com", "www.friendsofjohnny.com", "www.robinbonetoys.com" as well as "www.ebay.com" under the user IDs 'marxbouy' (Bone and Kosowski) and 'tcb4jw' (Koehler). Each of the licensees, Koehler, Kosowski and Bone claim their goods are licensed by, and produced with, the permission of American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

5. American, through its licensees Koehler, Kosowski and Bone, has engaged in a series of comparative advertisements, promotional initiatives, and sales statements targeting the market for collectible 1:6 scale action figures, which includes Toytrackerz' products. In these advertisements, initiatives, and statements, defendants make a number of false and misleading claims and representations relating to the quality and origin of Toytrackerz products as well as disparaging comments on the business and personal reputation of the owners of Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

6. American, through its licensees Koehler, Kosowski and Bone, has also manufactured and offered for sale in the market for collectible 1:6 scale action figures goods bearing the trademarks "Johnny West", "Johnny West Adventure", "Best of the West", "Fort Apache Fighters", "Jed Gibson" and "Marx". Each of the licensees claims that their use of the trademarks is with the permission of American. Such goods are not authorized by Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

7. In addition, upon information and belief, defendant Kosowski has registered the Internet domain names "www.magicmarxie.net", "www.fortapachefighters.com", "www.marxtoys.net", "www.marxtoys.org.", "www.marxfiles.com" and "www.robinbonetoys.com" and developed websites on "www.magicmarxie.net" and

"www.fortapachefighters.com." These domain names were registered after the commencement of litigation between American and Toytrackerz and were registered in bad faith.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

8. In addition, upon information and belief, defendant Tristan Koehler has registered the Internet website "sirdinglydang.com" which was used to disperse misleading information about Toytrackerz and its owners to their existing customers.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over the defendants because they have advertised, offered for sale, distributed, sold, or participated in the sale of merchandise within this State. Defendants have also engaged in acts or omissions within the State causing injury, have engaged in acts or omissions outside of this State resulting in injury within this State, have manufactured or distributed products used or consumed within this State in the ordinary course of trade; or have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

**DENIED by Defendant.**

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391. In particular, this Court is the proper venue because the defendants advertise, promote, and do business in this district, and because part of the events and actions of the defendants that give rise to Toytrackerz claims occurred in this district. Additionally, this district has been the site of prior litigation between the parties; to-wit: 2:07-cv-002253-DJW.

**DENIED by Defendant.**

## THE PARTIES

11. Plaintiff Toytrackerz LLC is a Kansas limited liability company with its office and principal place of business at 302 South Lowman Street, Fort Scott, Kansas, 66701.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

12. On information and belief, Defendant American Plastic Equipment, Inc. is a Florida corporation with its office and principal place of business at 176 W. Pennsylvania Ave., PO Box 69, Sebring Ohio, 44672. The defendant's registered agent for service of process is Ken Minerly, Attorney At Law, 980 N. Federal Highway, Suite 412, Boca Raton, Florida, 33432.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

13. On information and belief, Defendant L. Jill Koehler dba Koehler Customs is a sole proprietorship with its office and principal place of business at 403 Rankin Drive, Englewood, Ohio, 45322.

**Defendant's proper and legal name is JILL KOEHLER, not L. Jill Koehler, and this should be reflected on the record and in any further correspondence.**

14. On information and belief, Defendant Michael Kosowski dba Friends of Johnny is a sole proprietorship with its principal place of business at 11 Roydon Drive W, North Merrick, New York, 11566, or in the alternative, 28 Waterview Place, Lynbrook, New York, 11563.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

15. On information and belief, Defendant Robin Bone dba Robin Bone Toys is a sole proprietorship with its principal place of business at 4305 Nakoma Road, Madison,

Wisconsin, 53711.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

16. On information and belief, Defendant Tristan Koehler, an individual, resides at 403 Rankin Drive, Englewood, Ohio, 45322.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

17. On information and belief, the acts and conduct alleged herein of each licensee - Koehler, Kosowki, and Bone - as well as the individual Tristan Koehler - were known to, authorized by, or ratified by American Plastic Equipment, Inc.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. Toytrackerz designs, manufactures, packages, promotes and offers for sale 1:6 scale action figures and accessories bearing the trademarks "Johnny West Adventure", "Johnny West", "Best of the West", "Magic Marxie", "Marx", "Fort Apache Fighters" and "Jed Gibson."

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

19. The trademark "Johnny West Adventure" is registered to Toytrackerz by the United States Patent and Trademark Office (USPTO). The trademark "Johnny West Adventure" is also registered to Toytrackerz by the state of Kansas trademark authority. Toytrackerz currently and continuously uses the trademark "Johnny West Adventure" in commerce and claims an actionable and protectible interest in the trademark. Toytrackerz

also currently and continuously uses the derivative trademark "Johnny West" in commerce and also claims an actionable and protectible interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

20. The trademark "Best of the West" is registered to Toytrackerz by the United States Patent and Trademark Office (USPTO). The trademark "Best of the West" is also registered to Toytrackerz by the state of Kansas trademark authority. Toytrackerz currently and continuously uses the trademark "Best of the West" in commerce and claims an actionable and protectible interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

21. The trademark "Circle X Ranch" is registered to Toytrackerz by the United States Patent and Trademark Office (USPTO). The trademark "Circle X Ranch" is also registered to Toytrackerz by the state of Kansas trademark authority. Toytrackerz currently and continuously uses the trademark "Circle X Ranch" in commerce and claims an actionable and protectible interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

22. The trademark "Jed Gibson" is registered to Toytrackerz by the United States Patent and Trademark Office (USPTO). Toytrackerz currently and continuously uses the trademark "Jed Gibson" in commerce and claims an actionable and protectible interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

23. The trademark "Magic Marxie" has been issued a "Notice of Allowance" to Toytrackerz by the United States Patent and Trademark Office (USPTO). This indicates the publication and opposition period is complete and is the final step before registration.

Toytrackerz currently and continuously uses the trademark "Magic Marxie" in commerce and claims an actionable and protectible interest in the trademark. Toytrackerz also currently and continuously uses the derivative trademark "Marx" in commerce and claims an actionable and protectible interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

24. Toytrackerz currently and continuously uses the trademark "Fort Apache Fighters" in commerce and claims an actionable and protectible common law interest in the trademark.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

25. On information and belief, Defendants Koehler, Kosowski, and Bone have manufactured, or caused to be manufactured, 1:6 scale action figure accessories using molds and tooling owned by American Plastic. These molds are owned by American Plastic and are being used with permission of American Plastic. Defendant American Plastic has full knowledge of all manufacturing and promotional activities of Koehler, Kosowski, and Bone. Defendants Koehler, Kosowski and Bone publicly hold themselves out to be "The Friends of Johnny Team." Each defendant participates in manufacturing, packaging (including inserts and instructional sheets), promoting, and distributing the goods made from the molds owned by American Plastic.

**American is not a party to this lawsuit.  Additionally, Plaintiffs can make no lawful claims whatsoever to any items manufactured from molds owned by American.  Defendant Koehler has not manufactured any items under the Friends of Johnny auspices since 2006.**

26. Defendants Koehler, Kosowski, and Bone have offered goods made from the molds owned by American under the trademarks "Best of the West", "Fort Apache", "Marx", "Johnny West" and "Jed Gibson." Each defendant claims to have an exclusive right to use those trademarks and that their authority is derived from permission given by American Plastic. The trademarks used by Koehler, Kosowski, and Bone are essentially

identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**DENIED by Defendant.**

27. Defendant Koehler prints and distributes display packaging and packaging inserts bearing the trademarks "Johnny West", "Best of the West", "Johnny West Adventure", "Marx", "Fort Apache", and "Jed Gibson." Koehler claims to be the exclusive licensee of American Plastic to distribute packaging under these trademarks. The trademarks used by Koehler are essentially identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**DENIED by Defendant.**

28. Defendant Koehler is the registered owner of the domain names "www.koehlermarxcustoms.com" and "www.koehlercustoms.com". On both of the websites, Koehler claims to be an official licensee of American Plastic and that the Marx logo and all trademarks are the property of American Plastic and used by permission of American Plastic. Furthermore, on the website "www.koehlercustoms.com", Defendant Koehler offers goods for sale bearing the trademarks "Johnny West Adventure", "Best of the West", "Johnny West", "Marx", "Fort Apache", and "Jed Gibson." The trademarks used by Koehler are essentially identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**DENIED by Defendant.**

29. Defendant Koehler is registered to conduct business on the internet website www.ebay.com under the user ID of 'tcb4jw.' On the information page of her account, Koehler claims "Koehler Customs is now licensed officially by Marx/American Plastic Equipment Inc. to produce "fantasy" items, additions to the Johnny West line that were never originally created, but that would be sure to enhance the line. . . .I also will have available reproduction boxes of the original vintage JWA figure boxes. They will also be officially licensed products." Through www.ebay.com, Defendant Koehler offers, or has offered, goods for sale bearing the trademarks "Johnny West Adventure", "Best of the West", "Johnny West", "Marx", "Fort Apache", and "Jed Gibson." The trademarks used

by Koehler are essentially identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**DENIED by Defendant.**

23. Defendant Kosowski is the registered owner of the domain names "www.robinbonetoys.com" and "www.friendsofjohnny.com". Defendants Kosowski and Bone, acting in concert, use these websites to announce, advertise, promote, and offer for sale, goods bearing the trademarks "Johnny West", "Marx", "Fort Apache Fighters", and "Jed Gibson." The trademarks used by Kosowski and Bone are essentially identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

24. Defendant Bone is registered to conduct business on the internet website www.ebay.com under the user ID of 'marxbouy.' Defendant Bone conducts this business through the fixed-price interactive commercial 'web-store' option hosted by www.ebay.com and offers, or has offered, goods for sale bearing the trademarks "Johnny West", "Marx", "Fort Apache", and "Jed Gibson." Defendant Bone claims that the above trademarks are owned by American Plastic. The trademarks used by Bone are essentially identical to those used and claimed by Toytrackerz and are likely to cause confusion, mistake, and deception among the consuming public.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

25. Defendant Kosowski is the registered owner of domain names, including, but not limited to: "www.magicmarxie.net", "www.fortapachefighters.com", www.marxtoys.net", "www.marxtoys.org.". The domain names listed above are essentially identical to Toytrackerz' trademarks and are likely to cause confusion, mistake, and deception among the consuming public. On the websites "www.magicmarxie.net" and "www.fortapachefighters.com" there is a statement that the trademarks are owned by American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

26. The domain name "www.magicmarxie.net" was registered by Kosowski on November 10, 2006. The domain name "www.fortapachefighters.com" was registered by Kosowski on November 10, 2006. The domain name "www.marxtoys.net" was registered by Kosowski on November 10, 2006. The domain name "www.marxtoys.org" was registered by Kosowski on November 15, 2006. All of these registrations came after litigation had begun on January 6, 2006, in the District Court of Bourbon County Kansas [case number 06 CV 04] between Toytrackerz and American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

27. On information and belief, the four websites listed in paragraphs 25 and 26 were created solely to prevent Toytrackerz from registering the domains, to divert potential customers from Toytrackerz, and to otherwise unfairly compete with Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

28. At no time were Defendants Koehler, Kosowski and Bone authorized or given permission by Toytrackerz to display or use the trademarks listed above or to register the domain names listed in paragraphs 25 and 26.

**DENIED by Defendant.**

29. On information and belief, Defendant Kosowski, registered the domain name, created the website "www.friendsofjohnny.com", and profits from the establishment of the website by, for example, disparaging Toytrackerz' products, defaming Toytrackerz, confusing Toytrackerz' customers, diverting customers and sales away from Toytrackerz, and portraying Toytrackerz and its products in a bad light to the general consuming public.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

30. Defendant Koehler is the registered owner of the domain name "www.koehlercustoms.com" and the attendant website. On this website, Defendant Koehler has posted emails purportedly between herself and Noah Coop dated from 2004 - 2006. These purported emails are allegedly of private disputes between Koehler and Noah Coop held in the context of their business relationship at that time. On information and belief, Defendant Koehler has posted these emails solely to defame and embarrass Toytrackerz generally, and Noah Coop specifically, by making public the communications that Noah Coop expected to be held private by Koehler. These emails are offensive and outrageous and serve no legitimate public interest. The sole purpose of their publication is an attempt to discredit and embarrass Toytrackerz and Noah Coop and thereby divert customers and sales from Toytrackerz. Additionally, on information and belief, these emails were posted with actual malice and willfull intent, as evidenced by the commentary and captions added by Koehler. On the page where these emails are posted is the statement that the logos and trademarks on the site are all used with permission of American Plastic. This statement implies that American Plastic has knowledge of the content of Defendant Koehler's website and approves of that content.

**DENIED by Defendant.**

31. Tristan Koehler, husband of Defendant L. Jill Koehler, is the registered owner of the domain name "www.sirdinglydang.com". In September of 2007, this website developed under this domain name was used to store and disseminate emails purportedly written by Noah Coop. This domain name and website was used by someone claiming to be named 'Jason Mason' with the generic email address 'marxtrials@hotmail.com' to pinpoint Toytrackerz' customers and business associates as targets for the emails. The purpose of this email campaign was to unfairly compete with Toytrackerz by attempting to influence Toytrackerz' customers and divert these customers and business associates away from Toytrackerz. On information and belief, the party calling itself 'Jason Mason' is either Defendant Tristan Koehler or Defendant L. Jill Koehler, as both had access to and control of the domain name www.sirdinglydang.com and the associated website.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

30. Defendant Koehler is the listed owner/moderator of an on-line chat group titled the "JW Corral 2" and hosted by Yahoo, Inc. at http://groups.yahoo.com/group/jwcorral2/". On information and belief, this on-line chat group is used to compete unfairly with Toytrackerz by, for example, disparaging Toytrackerz' products, defaming Toytrackerz, confusing Toytrackerz' customers, diverting Toytrackerz's customers, and portraying Toytrackerz and its products in a bad light to customers and collectors of 1:6 scale action figures. This forum is also used for commercial speech by Defendants Koehler and Kosowski as the advertise and offer goods for sale. Specifically, Defendant Kosowski is allowed to use the chat group owned by Koehler as an unmoderated forum to make whatever defamatory and disparaging comments he wishes about Toytrackerz, its products, and the litigation currently in progress between American Plastic and Toytrackerz while he offers his own products in comparison.

**Koehler is a moderator of JW Corral2.  All else is DENIED.**

31. On the website "www.friendsofjohnny.com" and the on-line chat group "JW Corral 2," Defendants Koehler, Kosowski, and Bone state or imply that Toytrackerz' goods are 'bootleg', 'counterfeit' and 'knockoffs, ' while their products are 'authentic' and 'genuine.' These statements are false, misleading, and posted with the sold purpose of portraying Toytrackerz and its products in a bad light to current and potential customers. These defendants also imply that American Plastic is aware of these comments and approves of them.

**DENIED by Defendant.**

32. On the on-line chat group "JW Corral 2," Defendants Koehler, Kosowski, and Bone state or imply that the decision handed down by Judge David Waxse of the Federal Court for the District of Kansas in case number 2:07-cv-002253-DJW is invalid and somehow not binding on their activities. These statements are false and misleading and intended to confuse and deceive current and potential customers of Toytrackerz. These

defendants also imply that American Plastic is aware of these comments and approves of them.

**DENIED by Defendant.**

33. On August 1, 2007, a Journal Entry of Judgment in case number 06 CV 04, *Toytrackerz v. American Plastic Equipment*, signed by counsel for both American Plastic and Toytrackerz, was filed in the District Court of Bourbon County Kansas. This journal entry stated that American Plastic Equipment, Inc. had no protected right or actionable interest in the trademarks "Johnny West Adventure", "Best of the West", "Fort Apache Fighters", "Circle X Ranch", "Marxman" and "Marxman Bros". The Journal Entry is attached as Exhibit 1.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

34. On March 31, 2008, Judge David Waxse of the Federal Court for the District of Kansas filed a memorandum and order in case number 2:07-cv-02253-DJW, *American Plastic Equipment v. Toytrackerz*, dismissing all of American's trademark related counts [counts II - IX], with prejudice, for failure to state a claim for relief, maintain a compulsory counterclaim, res judicata and collateral estoppel. The memorandum is attached at Exhibit 2.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## DEFENDANT AMERICAN PLASTIC'S UNLAWFUL ACTIVITIES

35. On information and belief, Defendant American Plastic has continued, encouraged, and facilitated both statutory and common-law trademark infringement by and through licensees Koehler, Kosowski and Bone, to-wit: "Johnny West Adventure", "Johnny West", "Best of the West", "Fort Apache Fighters", "Jed Gibson" and "Marx."

The infringement continued after American expressly admitted it had no actionable or protectible interest in the trademarks as of August 1, 2007 in the state court case and as affirmed by the dismissal in the federal court case.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

36. On information and belief, Defendant American Plastic has continued, encouraged and facilitated cybersquatting by and through licensee Kosowski who purposely and willfully registered domain names that were virtually identical to trademarks owned by Toytrackerz after litigation had commenced between Toytrackerz and American Plastic, to-wit: "www.magicmarxie.net", "www.fortapachefighters.com", "www.marxtoys.net", "www.marxtoys.org." This knowledge is implied by the statements, posted on "www.magicmarxie.net" and "www.fortapachefighters.com" that the trademarks are owned by American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

37. On information and belief, Defendant American Plastic has continued, encouraged and facilitated unfair competition, defamation of business reputation, false advertising, injury to business reputation, and other tortious and deceptive business practices by failing to police and restrain licensees Koehler and Kosowski in their use of the trademarks in their disparaging, false and misleading comparative statements about Toytrackerz and Toytrackerz products. Koehler and Kosowski continue to use the websites "www.friendsofjohnny.com", "www.koehlercustoms.com" and the Yahoo on-line chat group "JW Corral 2," to publish, spread and distribute these false and misleading statements about Toytrackerz and Toytrackerz' products to actual and potential customers under color of their licenses from American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## DEFENDANT KOEHLER'S UNLAWFUL ACTIVITIES

38. On information and belief, Defendant Koehler continues to commit statutory trademark infringement by printing and offering for sale items bearing the registered trademarks "Johnny West Adventure", "Best of the West" and "Jed Gibson." Koehler offers these items for sale on her interactive commercial website "www.koehlercustoms.com". Koehler continues to offer these items for sale after being given notice of infringement through "www.ebay.com", "www.cafepress.com" and through notice of the results of both the state and federal litigation between Toytrackerz and American Plastic. Koehler, on her website, still claims to be under license from American Plastic and that the trademarks are owned by American Plastic.

   **DENIED by Defendant.**

39. On information and belief, Defendant Koehler continues to commit common law trademark infringement by printing and offering for sale bearing the claimed trademarks "Fort Apache Fighters" and "Johnny West" and "Marx." Koehler offers these items for sale on her interactive commercial website "www.koehlercustoms.com". Koehler continues to offer these items for sale after being given notice of the results of the state and federal litigation between Toytrackerz and American Plastic. Koehler, on her website, still claims to be under license from American Plastic and that the trademarks are owned by American Plastic.

   **DENIED by Defendant.**

40. On information and belief, Defendant Koehler acted in concert with Defendants Kosowski and Bone in trademark infringement by creating packaging inserts that bore the trademarks "Fort Apache Fighters", "Johnny West," "Jed Gibson," and "Marx." This infringing activity occurred after Koehler had knowledge of the results of both the state and federal trademark litigation between Toytrackerz and American Plastic. These packaging inserts claim that the trademarks are owned by American Plastic.

   **DENIED by Defendant.**

40. On information and belief, Defendant Koehler continues to commit unfair business practices of false advertising, unfair competition, injury to business reputation,

business defamation, and other tortious or deceptive trade practices by and through the on-line chat group "JW Corral 2," by posting and allowing others to post commercial speech that is false, misleading, disparaging, defaming and otherwise intended to cast Toytrackerz, its products, and its owners in a bad light to actual and potential customers of Toytrackerz products. In these posts, Koehler claims to be authorized and licensed by American Plastic and implies that American Plastic approves and sanctions her conduct.

> **DENIED by Defendant.**

41. On information and belief, Defendant Koehler uses the domain name "www.koehlercustoms.com" and the attendant website to invade the privacy of Noah Coop by publically publishing private emails purportedly written by Noah Coop. These alleged communications occurred while Defendant Koehler was in a business relationship with Noah Coop and Noah Coop had an expectation of privacy in these communications. These unauthenticated emails are offensive to a reasonable person and serve no legitimate public interest. The commentary and captions added by Koehler show they were posted with actual malice and that the sole intent in publishing them was to embarrass and disparage Noah Coop. Additionally, as they are posted on an interactive commercial website, there is a secondary effect of unfair competition, injury to business reputation, and defamation of business name as the emails are intended to confuse potential customers, disrupt existing customer relationships and disparage Toytrackerz and its products.

> **DENIED by Defendant.**

42. On information and belief, Defendant Koehler - with or without the knowledge and assistance of Tristan Koehler - used the website "www.sirdinglydang.com" to store and distribute emails allegedly written by Noah Coop. These emails were pinpointed to specific parties known to be good customers and supporters of Noah Coop and Toytrackerz. The emails were distributed under the false name "Jason Mason" and a false email address of"marxtrials@hotmail.com". These emails were specifically and maliciously intended to disrupt existing business relationships by casting aspersions on Noah Coop and, by implication, on Toytrackerz and its products.

> **DENIED by Defendant.**

**DEFENDANT KOSOWSKI'S UNLAWFUL ACTIVITIES**

43. On information and belief, Defendant Kosowski engaged in cybersquatting by purposely and willfully registering domain names that were virtually identical to trademarks owned by Toytrackerz after litigation had commenced between Toytrackerz and American Plastic, to-wit: "www.magicmarxie.net", "www.fortapachefighters.com", "www.marxtoys.net", "www.marxtoys.org.". Defendant Kosowski registered these domain names in November 2006 after litigation had commenced in January 2006. On information and belief, Toytrackerz states that Kosowski registered these domain names with the express intent to prevent Toytrackerz from registered these domain names and to use the domain names to engaged in unfair competition and deceptive business practices by creating shell websites using Toytrackerz trademarks and stating that these trademarks are owned by American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

44. On information and belief, Defendant Kosowski engaged in common law and statutory trademark infringement by manufacturing, or causing to be manufactured, 1:6 scale action figure accessories nearly identical to those made by Toytrackerz. These accessories were manufactured from molds and tooling owned and controlled by American Plastic and with knowledge of American Plastic. Defendant Kosowski, acting in concert with Koehler and Bone, packaged and offered these goods for sale under the trademarks "Fort Apache Fighters", "Johnny West", "Jed Gibson" and "Marx". These goods are promoted, discussed and advertised on websites with domain names registered to Defendant Kosowski, to-wit: "www.friendsofjohnny.com" and "www.robinbonetoys.com" Both websites have invitations to buy the products and links to direct sales on a fixed-price interactive commercial 'webstore' hosted on "www.ebay.com" and email links to arrange a direct purchase. This infringing activity

continued to occur after Defendant Kosowski had notice and knowledge of the results of the trademark litigation between Toytrackerz and American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

45. On information and belief, Defendant Kosowski used the domain name "www.friendsofjohnny.com" and its attendant website to engaged in unfair competition, injury to business reputation, defamation of business name, and other tortious and deceptive business practices by claiming to have superior rights to the tradename "Marx" and the trademarks "Fort Apache Fighters", "Johnny West" and others. On this website Defendant Kosowski claims to be acting with permission of American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

46. On information and belief, Defendant Kosowski uses the on-line chat group owned by Defendant Koehler, to-wit: "JW Corral 2," to engage in unfair competition, injury to business reputation, defamation of business name, and other tortious and deceptive business practices by opening and continually posting a steady stream of commercial speech that is false and misleading with the sole intent of confusing customers, diverting customers, diverting sales, and disrupting Toytrackerz' existing and potential customer relationships by casting Toytrackerz, its owners and its products in a bad light. Defendant Kosowski makes these posts under the banner of "The Friends of Johnny", thus implying that American Plastic is aware of and supports these activities.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

### DEFENDANT BONE'S UNLAWFUL ACTIVITIES

47. On information and belief, Defendant Bone, has engaged in statutory and common law trademark infringement by offering for sale, through a fixed-price

interactive commercial 'webstore' hosted by "www.ebay.com", goods bearing the trademarks "Fort Apache Fighters", "Johnny West", "Jed Gibson" and "Marx." The web-based advertisements and offers to sell, all claim that the trademarks are owned by American Plastic and used with permission. This infringing activity occurred after Bone had knowledge of the results of both the state and federal trademark litigation between Toytrackerz and American Plastic. This infringing activity continued after trademark infringement notices were filed with "www.ebay.com" and sale postings were cancelled. Furthermore, Defendant Bone, continued with infringing activities after the "www.ebay.com" sales postings were cancelled by contacting known customers of Toytrackerz directly by email and offering the infringing goods for sale.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

48. On information and belief, Defendant Bone engaged in common law and statutory trademark infringement by manufacturing, or causing to be manufactured, 1:6 scale action figure accessories nearly identical to those made by Toytrackerz. These accessories were manufactured from molds and tooling owned and controlled by American Plastic and with knowledge of American Plastic. Defendant Bone, acting in concert with Koehler and Kosowski, packaged and offered these goods for sale under the trademarks "Fort Apache Fighters", "Johnny West", "Jed Gibson" and "Marx". These goods are promoted, discussed and advertised on websites associated with Defendant Bone, to-wit: "www.friendsofjohnny.com" and "www.robinbonetoys.com" Both websites have invitations to buy the products and links to direct sales on an interactive commercial fixed-price 'webstore' hosted on "www.ebay.com" and email links to arrange a direct purchase from Defendant Bone. This infringing activity continued to occur after Defendant Bone had notice and knowledge of the results of the trademark litigation between Toytrackerz and American Plastic.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

**DEFENDANT TRISTAN KOEHLER'S UNLAWFUL ACTIVITIES**

49. On information and belief, Defendant Tristan Koehler - with or without the knowledge and assistance of L. Jill Koehler - used the website "www.sirdinglydang.com" to store and distribute emails allegedly written by Noah Coop. These emails were pinpointed to specific parties known to be good customers and supporters of Noah Coop and Toytrackerz. The emails were distributed under the false name "Jason Mason" and a generic email address of "marxtrials@hotmail.com". These emails were specifically and maliciously intended to disrupt existing business relationships by casting aspersions on Noah Coop and, by implication, on Toytrackerz and its products. The domain name "www.sirdinglydang.com" is registered to Tristan Koehler, bears the email address of Tristan Koehler, and all contents of that website are arguably under the knowledge and control of Tristan Koehler.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

**COUNT I**

**Trademark Infringement Under the Lanham Act 15 USC §114(1)(a)**

50. Toytrackerz repeats and incorporates by reference the allegations contained in paragraphs 1 - 49.

51. Toytrackerz LLC holds trademark registrations issued by the United States Patent and Trademark Office for the following trademarks: "Johnny West Adventure", "Best of the West", "Jed Gibson" and "Circle X Ranch." Pursuant to 15 USC §1057(b), these registrations are prima facie evidence of "the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate."

**DENIED by Defendant.**

52. On information and belief, Defendant Koehler has continuously printed, distributed and offered for sale in commerce items bearing the trademarks "Johnny West Adventure", "Best of the West" and "Jed Gibson." The unauthorized use of these registered trademarks constitutes statutory trademark infringement under 15 USC §1114(1)(a), as well as unfair competition. This infringement has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court. Koehler has continued this infringement despite the constructive notice afforded to a registered trademark under 15 USC §1072 and actual notice given to Koehler when sales postings were removed from "www.ebay.com" for trademark infringement in July 2006.

**DENIED by Defendant.**

53. On information and belief, Defendants Koehler, Kosowski and Bone, acting in concert as "The Friends of Johnny", have manufactured, packaged [including package inserts and instruction sheets], and offered for sale in commerce goods bearing the trademarks "Jed Gibson". The unauthorized use of these registered trademarks constitutes statutory trademark infringement under 15 USC §1114(1)(a), as well as unfair competition. This infringement has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court.

**DENIED by Defendant.**

54. On information and belief, Defendant American Plastic, has agreed, approved, allowed and sanctioned this infringing activity by Koehler, Kosowski, and Bone. At all times, these three defendants claim that the trademarks are owned by American Plastic and used with permission. Koehler, explicitly claims to be a licensee of American Plastic. This sanctioning activity by American has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court.

**DENIED by Defendant.**

55. On information and belief, Defendants Koehler, Kosowski and Bone are licensees, either actual or in-fact of American Plastic. All three defendants had notice of the litigation between Toytrackerz and American Plastic. On information and belief, all three defendants communicated with American's counsel, provided information used by

American Plastic in the litigation, and all three had the opportunity to intervene. At all time, the three claim their actions are authorized, sanctioned and approved of by American Plastic and that American Plastic is the sole source of that authority. As such, Defendants Koehler, Kosowski, and Bone are in privity with American Plastic and should be held in joint and several liability with American Plastic for the infringing activities.

**DENIED by Defendant.**


## COUNT II

### Common Law Trademark Infringement and Unfair Competition

Toytrackerz repeats and incorporates by reference the allegations contained in paragraphs 1 - 55.

56. Toytrackerz currently and continuously uses in commerce the trademarks "Fort Apache Fighters", "Johnny West", and "Marx" in commerce to identify its collection of 1:6 action figures and accessories. "Johnny West" and "Marx" are derivative trademarks of Toytrackerz' USPTO registered trademarks "Johnny West Adventure" and "Magic Marxie." As a result of use in commerce, Toytrackerz claims an actionable and protected common law interest in these trademarks.

**DENIED by Defendant.**

57. On information and belief, Defendant Koehler has continuously printed, distributed, and offered for sale in commerce items bearing the trademarks "Johnny West", "Marx" and "Fort Apache Fighters." The unauthorized use of these registered trademarks constitutes common law trademark infringement as well as unfair competition. This infringement has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court. Koehler has continued this infringement despite notice of the results of the trademark litigation between Toytrackerz and purported license holder American Plastic.

**DENIED by Defendant.**

58. On information and belief, Defendants Koehler, Kosowski and Bone, acting in concert as "The Friends of Johnny", have manufactured, packaged [including package inserts and instruction sheets], and offered for sale in commerce goods bearing the trademarks "Johnny West", "Fort Apache Fighters", and "Marx". The unauthorized use

of these registered trademarks constitutes common law trademark infringement as well as unfair competition. This infringement has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court.

**DENIED by Defendant.**

59. On information and belief, Defendant American Plastic, has agreed, approved, allowed and sanctioned this infringing activity by Koehler, Kosowski, and Bone. At all times, these three defendants claim that the trademarks are owned by American Plastic and used with permission. Koehler, explicitly claims to be a licensee of American Plastic. This sanctioning activity by American has created and will continue to create a likelihood of confusion and irreparable injury to Toytrackerz unless restrained by this Court.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

60. On information and belief, Defendants Koehler, Kosowski and Bone are licensees, either actual or in-fact of American Plastic. All three defendants had notice of the litigation between Toytrackerz and American Plastic. On information and belief, all three defendants communicated with American's counsel, provided information used by American Plastic in the litigation, and all three had the opportunity to intervene. At all time, the three claim their actions are authorized, sanctioned and approved of by American Plastic and that American Plastic is the sole source of that authority. As such, Defendants Koehler, Kosowski, and Bone are in privity with American Plastic and should be held in joint and several liability with American Plastic for the infringing activities.

**DENIED by Defendant.**


## COUNT III

### Cybersquatting pursuant to 15 USC §1125(d)

61. Toytrackerz repeats and incorporates by reference the allegations in paragraphs 1 - 60.

62. Toytrackerz trade names, websites, and trademarks were distinctive and well known in the 1:6 scale action figure community at the time the Defendant Kosowski registered the domain names "www.magicmarxie.net", "www.fortapachefighters.com",

"www.marxtoys.net", "www.marxtoys.org." pursuant to the Anticybersquatting
Consumer Protection Act of 1999, 15 USC §1125(d).

**Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of the above paragraph of the Complaint, and therefore
denies same, and puts Plaintiff to its proofs thereof.**

63. Additionally, it is a matter of public record that Kosowski registered these
domain names after litigation between Toytrackerz and American Plastic commenced on
January 6, 2006; to-wit: The domain name "www.magicmarxie.net" was registered by
Kosowski on November 10, 2006. The domain name "www.fortapachefighters.com" was
registered by Kosowski on November 10, 2006. The domain name "www.marxtoys.net"
was registered by Kosowski on November 10, 2006. The domain name
www.marxtoys.org was registered by Kosowski on November 15, 2006.

**Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of the above paragraph of the Complaint, and therefore
denies same, and puts Plaintiff to its proofs thereof.**

64. The aforementioned domain names are confusingly similar to Toytrackerz'
trademarks "Magic Marxie", "Fort Apache Fighters", and "Marx."

**Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of the above paragraph of the Complaint, and therefore
denies same, and puts Plaintiff to its proofs thereof.**

65. On information and belief, Defendant Kosowski registered the
aforementioned domain names without the prior knowledge, permission, or consent of
Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of the above paragraph of the Complaint, and therefore
denies same, and puts Plaintiff to its proofs thereof.**

66. On information and belief, Defendant Kosowski registered these domain
names with the knowledge and approval of American Plastic. This is evidenced by the
attendant websites accessed through "www.magicmarxie.net" and
www.fortapachefighters.com which state that the trademarks on the pages are owned by
American Plastic and in the case of "www.magicmarxie.net" are 'used under license.' On

the websites associated with "www.marxtoys.net" and "www.marxtoys.org" are pay-per-click webshells inviting the browser to search for various toys.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

67. On information and belief, Defendant Kosowski has had and continues to have, a bad faith intent to profit for the registration of the aforementioned domain names and the use thereon of the tradenames "Magic Marxie", "Fort Apache Fighters", and "Marx" which are protected trademarks of Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

68. On information and belief, Defendant Kosowski registered the aforementioned domain names with the intent to divert consumers from Toytrackerz websites and to confuse customers who, for example, during an internet search, might mistake "www.magicmarxie.net" for "www.magicmarxie.com".

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

69. On information and belief, Defendant Kosowski purposefully and willfully registered the aforementioned domain names with the intent to prevent Toytrackerz from registering the domain names and to interfere, harass, attempt to intimidate, and otherwise interfere with the ongoing litigation between Toytrackerz and American.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

70. Defendant Kosowski's and, by privity via the licensing relationship, American Plastic's aforementioned conduct in registering the aforementioned domain names was intentional, willful, and in bad faith.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

71. Defendant Kosowski and, by privity via the licensing relationship, American Plastic, had no justification for such conduct.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

72. Toytrackerz has suffered and will continue to suffer irreparable damage as a result of this conduct unless Defendants Kosowski and American are restrained by the Court. Defendant Kosowski's conduct has caused, and is likely to continue causing, substantial injury to Toytrackerz and Toytrackerz is entitled to injunctive relief pursuant to 15 USC §1116, and to recover damages and reasonable attorney's fees pursuant to 15 USC §§ 1125(a) and 1117, or, in the alternative, statutory damages of up to $100,000 per domain name pursuant to the Anticybersquatting Act, 15 USC §§ 1125(d) and 1117.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## COUNT IV

### Business Defamation and Injury to Business Reputation

73. Toytrackerz repeats and incorporates by reference the allegations in paragraphs 1 - 72.

74. On information and belief, Defendants Koehler, Kosowski and American were fully aware that Toytrackerz were well-established sellers of 1:6 scale collectible action figures and accessories via the internet and at trade shows with a well-developed web of customers both in the United States and abroad. The Defendants were also aware that Toytrackerz used the trademarks/tradenames "Johnny West", "Johnny West Adventure", "Best of the West", "Circle X Ranch", "Magic Marxie", "Jed Gibson", "Fort Apache Fighters" and "Marx" in connection with Toytrackerz goods and services.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

75. On information and belief, Defendants Koehler, Kosowski and American were also well aware of the litigation in the District Court of Bourbon County Kansas, the Western District of Missouri, and the District of Kansas involving Toytrackerz and American Plastic. At issue in the lawsuits were rights to the aforementioned trademarks.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

76. On information and belief, Defendants Koehler, Kosowski, and American were well aware of the outcome of the trademark portion of the state court litigation; to-wit: American Plastic has no protectible or actionable interest in the trademarks "Johnny West Adventure", "Best of the West", "Fort Apache Fighters", "Circle X Ranch" and "Marxman/Marxman Bros."

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

77. On information and belief, Defendants Koehler, Kosowski, and American were well aware of the outcome of the trademark portion of the Kansas federal court litigation; towit: all trademark related counts concerning the aforementioned trademarks were dismissed, with prejudice, for failure to state a claim for relief, maintain a compulsory counterclaim, res judicata and collateral estoppel.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

78. On information and belief, Defendant Koehler and Kosowski's activities, as described herein, were willfully and maliciously aimed at conveying the false message that Toytrackerz' products were inferior and substandard, that Toytrackerz did not have the right to use the aforementioned trademarks (using references such as 'bootleg' and 'knockoff') and that the court's opinions somehow did not affect them or American

Plastic. These activities were specifically intended to damage Toytrackerz' reputation, goodwill, and trust among the target market of 1:6 scale action figure collectors.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

79. On information and belief, in September 2007, Defendants Koehler and Tristan Koehler, used the domain name "www.sirdinglydang.com" and attendant website to store and distribute defamatory information about Noah Coop; to-wit, emails purportedly written by Noah Coop. These emails were pinpointed to existing customers and supporters of Toytrackerz. These emails, distributed under the false name of 'Jason Mason', using a generic email address 'marxtrials@hotmail.com' were distributed willfully and maliciously with the intent to disparage Noah Coop and cast a bad light on Toytrackerz and its products. The domain name is registered to Tristan Koehler, the husband of L. Jill Koehler. As both reside at the same address, both defendants arguably have access and control of the attendant website. After Defendant Koehler was challenged about these anonymous emails to Toytrackerz' customers, the same information appeared on her website "www.koehlercustoms.com" within 24 hours.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

80. These previously described defamatory and tortious actions of Koehler, Tristan Koehler, Kosowski, Bone, and, by implication, American Plastic, have willfully and intentionally damaged Toytrackerz in an amount not as yet determined or ascertainable. At a minimum, however, Toytrackerz is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and costs. In light of the deliberately defamatory and malicious conduct by Defendants Tristan Koehler, Koehler, Kosowski and Bone, and by implication, American Plastic, and the need to deter the Defendants from similar conduct, Toytrackerz is additionally entitled to punitive damages.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## COUNT V

### False Advertising pursuant to the Lanham Act: 15 USC §1125(a)

81. Toytrackerz repeats and incorporates by reference the allegations in paragraphs 1 - 80.

82. The Defendants Kosowski and Bone's false and misleading advertisements, descriptions, and representations misrepresent the nature, characteristics, and qualities of goods produced by "The Friends of Johnny Team" are material, expressly or impliedly false, and violate section 43(a) of the Lanham Act, 15 USC §1125(a)(1)(B); to-wit: offering these goods under trademarks they are not authorized to use and implying that their products are 'genuine' and somehow superior to substantially identical goods produced by Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

83. On information and belief, Defendant Koehler contributed to the false advertising by producing packaging in the form of a packaging insert that bears the unauthorized trademarks.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

84. On information and belief, as Defendants Kosowski and Bone state the "Friends of Johnny" goods are genuine and their advertisements bear the statements that the trademarks are owned by American Plastic and used with permission, this implies that American Plastic was aware of and approved of the advertisements.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

85. On information and belief Defendant's Kosowski and Bone's false and misleading advertisements, descriptions, and representations have entered interstate commerce and have or are likely to mislead and deceive a significant number of

consumers in interstate commerce into purchasing their products instead of Toytrackerz' products.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

86. On information and belief Defendant's Kosowski's advertisements and commercial/promotional comments made on the on-line chat group "JW Corral 2," owned and controlled by Defendant Koehler, regarding Toytrackerz' products misrepresent the nature, characteristics and qualities of Toytrackerz' products and are material expressly or impliedly false, and violate section 43(a) of the Lanham Act, 15 USC §1125(a)(1)(B); to-wit: statements that Toytrackerz' products are 'bootleg', 'imitation', and 'knockoff', and comparing them to 'Friends of Johnny' products that are supposedly 'genuine'. These statements are made with the intent to divert customers from Toytrackerz.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

87. On information and belief Defendant's Kosowski's false and misleading comments, promotions, descriptions, and representations have entered interstate commerce and have or are likely to mislead and deceive a substantial number of consumers in interstate commerce into purchasing their products instead of Toytrackerz' products.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

88. The Defendant's conduct is will, deliberate, and in bad faith.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

89. Toytrackerz has been and is likely to continue to be damaged by these false and misleading advertisements, descriptions, and representations in an amount to be

determined. Moreover, these false and misleading advertisements, descriptions, and representations will irreparably and unfairly harm Toytrackerz, including Toytrackerz reputation and good will. Toytrackerz is entitled to injunctive relief and to recover the Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees pursuant to 15 USC §§ 1125(a), 1116 and 1117.

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the above paragraph of the Complaint, and therefore denies same, and puts Plaintiff to its proofs thereof.**

## COUNT VI
### Cancellation of the 'Fort Apache' Trademark

90. Toytrackerz repeats and incorporates by reference the allegations in paragraphs 1 - 89.

**Defendant states Count VI, 90-99, is irrelevant to this lawsuit.**

## COUNT VII
### Invasion of Privacy

100. Toytrackerz repeats and incorporates by reference the allegations in paragraphs 1 - 99.

101. From approximately 2003 to 2005, Noah Coop had a social and business relationship with Defendant Koehler. During that relationship, Coop and Koehler communicated primarily by email and phone, and as there was a business relationship, Coop believed he had an expectation of privacy and confidentiality in those communications.

**DENIED by Defendant.**

102. In 2008, Defendant Koehler posted a series of those purported emails on her interactive commercial website, "www.koehlercustoms.com" under the title "More From the Horse's Mouth." Along with links to view .pdf documents of emails purportedly written by Coop, Defendant Koehler posts a running commentary and captions for each

of the purported emails. The emails are fragments, taken our of context, chosen by Koehler, and published without any authentication or permission of anyone mentioned in the documents.

**DENIED by Defendant.**

103. The content of the purported emails, intended by Coop to be kept private and confidential between himself and Koehler, are offensive and disturbing to anyone outside what was an internal controversy. Furthermore, the documents were cherry-picked by Koehler from a large volume of correspondence and displayed in a way to showcase Coop in the worst possible light. Additionally, as this was a private and confidential dispute between former business partners, there is no legitimate public concern or 'newsworthy' purpose for making these documents purportedly written by Coop public. The sole purpose for making this private information public is to embarrass Coop and disparage his public reputation. As this publication was also done on an interactive commercial website, there is also an element of unfair competition as Koehler attempts to use public disclosure of private facts to damage not only the personal reputation of Coop, but also the business re of Toytrackerz.

**DENIED by Defendant.**

104. Defendant Koehler does not simply make public the private documents. She adds pithy commentary and captions that show the publication was done with willful and malicious intent to invade the privacy of Coop and make public communications Coop assumed were private and confidential between himself and a former business partner.

**DENIED by Defendant.**

105. On the same webpage as Koehler's publication of private facts, there is a large logo stating that Koehler Customs is an official licensee of American Plastic and that all logos and trademarks are the property of American Plastic and used with permission, there is an implication that American Plastic is aware of the contents of this commercial website and approves of those contents.

**DENIED by Defendant.**

106. These previously described tortious actions of Koehler, and, by implication, American Plastic, have willfully and intentionally damaged Coop and Toytrackerz in an amount not as yet determined or ascertainable. At a minimum, however, Coop and

Toytrackerz are entitled to injunctive relief, to damages, and costs. In light of the deliberately invasive and malicious conduct by Defendant Koehler, and by implication, American Plastic, and the need to deter the Defendants from similar conduct, Coop and Toytrackerz are additionally entitled to punitive damages.

**DENIED by Defendant.**

**REQUEST FOR RELIEF:**

**Defendant states that all requests for relief, numbers 1 through 14, should be DENIED.**

Respectfully submitted by:

**Jill Koehler**

Jill Koehler, pro se
403 Rankin Drive
Englewood, Ohio 45322
jillkoehler@woh.rr.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

TOYTRACKERZ LLC                    )
And NOAH COOP                      )
     Plaintiffs;                 )
                                   )
v.                                 )          Case No. 08-CV-2297 JWL/GLR
                                   )
JILL KOEHLER, Defendant            )
MONTGOMERY COUNTY                  )
STATE OF OHIO                      )

**COUNTERCLAIM**

For its causes of action, Defendant Jill Koehler, DBA Koehler Customs, alleges and states as follows:

1.      This is an action at law and equity for fraudulent registration of trademarks, common law trademark infringement, false advertising, unfair competition, false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); tortious interference with business relationships; deceptive trade practices under R.C. 4165.02; defamation; common law infringement and unfair competition; common law dilution of trademarks, injury to business and personal reputation, and other tortious or deceptive

35

trade practices arising under the Lanham Act, Act [15 U.S.C. § 1125(a)(b), and the Uniform Deceptive Trade Practices Act; (10) R.C. § 4165.02(A), as an action arising under the federal laws of the United States.

**Parties**

2.     Defendant is an individual, and has a home-based business in Englewood, Ohio, 45322.

3.     Toytrackerz LLC is a Kansas limited liability company, with its principal place of business at 302 South Lowman Street, Fort Scott, Kansas, 66701.

4.     Noah Coop is an individual residing at 302 South Lowman Street, Fort Scott, Kansas, 66701, and upon information and belief is a managing officer of Toytrackerz LLC.

5.     Terri Lynn Coop is an individual residing at 302 South Lowman Street, Fort Scott, Kansas, 66701, and upon information and belief is a managing officer and legal counsel of Toytrackerz LLC.

**JURISDICTION AND VENUE**

6.     This court has claimed jurisdiction over Defendant Koehler, and has jurisdiction over Plaintiffs as residents of the state of Kansas.

7.     This court has jurisdiction over the subject matter of this action pursuant to The Lanham Act [15 U.S.C. § 1125(a)(b), and the Uniform Deceptive Trade Practices Act; (10) R.C. § 4165.02(A), as an action arising under the federal laws of the United States.

**FACTS COMMON TO ALL COUNTS**

8.     Defendant Jill Koehler, DBA "Koehler Customs", owns a small home-based business that creates and markets custom action figures, accessories and box/manual sets (www.koehlercustoms.com). (See **Koehler Affidavit**)

9.    The Plaintiffs Noah Coop, Toytrackerz and Terri Lynn Coop as counsel market items through the use of internet websites, namely www.marxmanbros.com and www.circlexranch.com.

10.   The opposing party, Toytrackerz LLC, whose legal representative and co-officer is Terri Coop, co-owns a Yahoo chat group, Circle X Ranch (CXR), with her husband, Noah Coop.

11.   On January 27, 2004, Defendant joined their group, as a collector of Johnny West/Marx vintage toys. (Exhibit 1)

12.   On February 29, 2004, Terri Coop officially joined the chat group. (Exhibit 2)

13.   Defendant commenced business in June 2004, creating specifically custom boxes for vintage 1/6-scale action figures in the Marx/Johnny West toy line.  June through August 2004, Defendant began creating custom boxes for custom Marx figures, some of which bore the Marx trademark.

14.   On June 14, 2004, Noah Coop purchased custom boxes from Defendant.

15.   On August 28, 2004, Defendant advertised the Koehler Customs website (www.koehlercustoms.com) for the first time on the Defendants' CXR chat group. (Exhibit 3)

16.   In October of 2004, along with another friend and fellow collector, Defendant created a custom box/manual set for a birthday gift for Noah Coop (featuring a custom figure that was never manufactured by the original Marx company), which clearly bore the MARX trademark across the front of the box, and on the manual as well. (Exhibit 4)

17.   On February 20, 2005, Defendant advertised the Koehler Customs website again, at the CXR chat group, with the Plaintiffs' full knowledge and permission. The group is moderated, and no posts are put through to the group without the owners' knowledge. (Exhibit 5)

18.   Defendant's archived website, from February 2005, clearly denotes items for sale bearing the trademarks JOHNNY WEST ADVENTURE (JWA), BEST OF THE WEST (BOTW), FORT APACHE FIGHTERS (FAF), MARX TOYS, JED GIBSON, and other related trademarks in commerce.

Customers were able to purchase items directly from the website via PayPal shopping cart. (Exhibit 3)

19.    On February 24, 2005, Terri Lynn Coop purchased custom boxes from the Defendant's Koehler Customs business.  (Exhibit 6)

20.    On February 25, 2005, the Koehler Customs website and boxes were discussed at the CXR group in several posts made there by other group members. (Exhibits 7 through 9)

21.    From June 2004 to present, without interruption, Defendant has used, in interstate and international commerce, the trademarks BEST OF THE WEST, JOHNNY WEST ADVENTURE, and JED GIBSON, as well as numerous other related trademarks, including, but not limited to: [(Abbreviations: JWA is Johnny West Adventure, which encompasses the derivative 'Johnny West', BOTW is Best of the West, FAF is Fort Apache Fighters), Jed Gibson (JWA), Sam Cobra (JWA, red box), Thundercolt, Thunderbolt, Flame, Buckskin, Mike Hazard, April Dancer/Girl From Uncle, Johnny West (1st issue, JWA, BOTW), Zeb Zachary (FAF), Fighting Eagle (Cactus, BOTW, JWA), Geronimo (Cactus, BOTW, JWA, Canadian), Chief Cherokee (Cactus, BOTW, JWA, Canadian), Jamie West (Cactus, BOTW, JWA, Canadian), Jay West (Cactus, BOTW, JWA, Canadian), Josie West (Cactus, BOTW, JWA, Canadian), Janice West (Cactus, BOTW, JWA, Canadian), Captain Maddox (FAF, BOTW, JWA, Canadian), General Custer (FAF, BOTW, JWA, Canadian), etc. (**See Affidavits in Support)**

## FRAUDULENT REGISTRATIONS OF TRADEMARKS BY DEFENDANTS

22.    Toytrackerz, by way of officer and legal counsel, Terri Coop, did register, on June 23, 2005, the trademark BEST OF THE WEST on the principal register at the United States Patent and Trademark Office.  This

application was granted in January 2007, and should be canceled for reasons hereinafter set forth. (Exhibit 10)

23.     Toytrackerz, by way of officer and legal counsel, Terri Coop, did register, on September 8, 2006, the trademark BEST OF THE WEST with the Kansas Secretary of State.  This application was granted and should be canceled for reasons hereinafter set forth. (Exhibit 11)

24.     Toytrackerz, by way of officer and legal counsel, Terri Coop, did register, on June 23, 2006, the trademark JOHNNY WEST ADVENTURE on the principal register at the United States Patent and Trademark Office.  This application was granted in November 2006, and should be canceled for reasons hereinafter set forth. (Exhibit 12)

25.     Toytrackerz, by way of officer and legal counsel Terri Coop, did register, on September 8, 2006, the trademark JOHNNY WEST ADVENTURE with the Kansas Secretary of State.  This application was granted and should be cancelled for reasons hereinafter set forth.  (Exhibit 13)

26.     Toytrackerz, by way of legal counsel Terri Coop, did register, on July 25, 2006, the trademark JED GIBSON on the principal register at the United States Patent and Trademark Office.  This application was granted on April 15, 2008, and should be cancelled for reasons hereinafter set forth. (Exhibit 14)

## COUNT I: BEST OF THE WEST Reg. No. 3197601

Lanham Act 15 USC §1120. *Civil liability for* <u>*false or fraudulent*</u> *registration. Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

27.     For its causes of action against Defendants, Defendant incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth in this paragraph.

28.     Defendant began using the BEST OF THE WEST (BOTW) trademark in interstate and international commerce in February 2005.

29.     Defendant advertised use of the BOTW trademark on the Defendants' CXR chat group in February 2005. (Exhibit 15)

30.     Toytrackerz' counsel, Terri Coop, applied for said trademark in June 2005, and was granted registration in January 2007.  (Exhibit 10, BOTW registration)

31.     Terri Coop applied for the BOTW trademark while fully informed of the Defendant's prior and continued use of the trademark in interstate and international commerce, both in reproduction boxes and in custom never before manufactured proprietary items created by Defendant.

32.     In addition, Terri Coop applied for the MARX TOYS trademark while proclaiming to be an assistant manager of the Marx Toys and Entertainment Company (a licensee of American Plastic), and during this same time period, she and her husband, Noah Coop, were selling merchandise manufactured by Marx Toys and Entertainment Company, which specifically bore the trademarks BEST OF THE WEST, and MARX TOYS.  (Exhibit 10, Exhibit 22)(BOTW application was dated June 23, 2005, and in CXR post dated July 29. 2005, Ms. Coop discusses being an employee of Marx Toys and Entertainment)

33.     In making application for the BOTW trademark, before the U.S.P.T.O., Terri Coop swore, under threat of perjury, that; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made*

*of his/her own knowledge are true; and that all statements made on*
*information and belief are believed to be true.*

34.     Toytrackerz LLC, by way of Terri Coop, committed fraud before the
Patent and Trademark Office, because Plaintiffs were fully informed of
Defendant's prior and concurrent use of the trademarks in commerce, and
swore to the contrary, under threat of perjury, before the U.S.P.T.O., in
making application for the BOTW trademark.

35.     Defendant can prove prior, concurrent and continuous use of the BOTW
trademark in commerce, both interstate and international.  Plaintiffs were
fully aware of Defendant's use of the trademark in commerce, and
fraudulently registered the trademark before the U.S.P.T.O.

36.     Toytrackerz and Coops' acts are in violation of Lanham Act 15 USC
§1120.

37.     Toytrackerz and Coops' activity was willful and intentional.

        WHEREFORE Defendant respectfully requests that this Court
enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop
as follows by:

a)      ORDERING that for reasons of prior and superior use of the
        trademark in commerce by the Defendant, and for the Plaintiffs
        committing fraud in registering said trademark, the Plaintiffs'
        registration of the trademark BEST OF THE WEST be cancelled.

b)      ORDERING that Toytrackerz and Coop, jointly and severally, be
        required to compensate Defendant monetarily for damage they
        have caused to Defendant's business income as a result of the
        activities alleged herein, in whatever amount the Court deems
        proper;

c)      ORDERING any other further relief as the court deems proper.


**COUNT II: JOHNNY WEST ADVENTURE Reg. No. 3178499**

        Lanham Act 15 USC §1120. *Civil liability for <u>false or fraudulent</u>*
*registration. Any person who shall procure registration in the Patent and*

*Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

38.   For its causes of action against Plaintiffs, Defendant incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth in this paragraph.

39.   Defendant began using the JOHNNY WEST ADVENTURE (JWA) trademark in interstate and international commerce in January 2005. (Exhibit 16 to 20, PayPal receipts)

40.   Defendant advertised use of the JWA trademark on the Defendants' CXR chat group in February 2005, through the Koehler Customs website. (See Exhibit 3, archived website from Feb. 2005)

41.   Plaintiffs' Toytrackerz' counsel, Terri Coop, applied for said trademark in June 2006, and was granted registration in January 2007. (Exhibit 12, JWA registration)

42.   Terri Coop applied for the JWA trademark while fully informed of the Defendant's prior and continued use of the trademark in interstate and international commerce, both in reproduction boxes and in custom never before manufactured proprietary items created by Defendant.

43.   In making application for the JOHNNY WEST ADVENTURE trademark, before the U.S.P.T.O., Terri Coop swore, under threat of perjury, that; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.*

44.   Toytrackerz LLC, by way of Terri Coop, committed fraud before the Patent and Trademark Office, because Plaintiffs were fully informed of

Defendant's prior and concurrent use of the trademarks in commerce, and swore to the contrary, under threat of perjury, before the U.S.P.T.O., in making application for the JWA trademark.

45.    Defendant can prove one and one half years of prior use of this trademark in commerce, concurrent and continuous use of the JWA trademark in commerce, both interstate and international.

46.    Toytrackerz and Coops' acts are in violation of Lanham Act 15 USC §1120.

47.    Toytrackerz and Coops' activity was willful and intentional.

WHEREFORE Defendant respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)    ORDERING that for reasons of prior and superior use of the trademark in commerce by the Defendant, and for the Plaintiffs' committing fraud in registering said trademark, the Plaintiffs' registration of the trademark JOHNNY WEST ADVENTURE be cancelled.

b)    ORDERING that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income as a result of the activities alleged herein, in whatever amount the Court deems proper;

c)    ORDERING any other further relief as the court deems proper.

### COUNT III: JED GIBSON Reg. No. 3413412

Lanham Act 15 USC §1120. *Civil liability for false or fraudulent registration. Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

48.     For its causes of action against Plaintiffs, Defendant incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth in this paragraph.

49.     Defendant began using the JED GIBSON trademark in interstate and international commerce in January 2005.  (Exhibits 16 to 20, PayPal receipts)

50.     Defendant advertised use of the JED GIBSON trademark on the Plaintiffs' CXR chat group in February 2005, through the Koehler Customs website. (Please see Exhibit 3, archived website)

51.     Toytrackerz' counsel, Terri Coop, applied for said trademark in July 2006, and was granted registration in April 2008. (Exhibit 14, JED GIBSON registration)

52.     Terri Coop applied for the JED GIBSON trademark while fully informed of the Defendant's prior and continued use of the trademark in interstate and international commerce, both in reproduction boxes and in custom never before manufactured proprietary items created by Defendant.

53.     In making application for the JED GIBSON trademark, before the U.S.P.T.O., Terri Coop swore, under threat of perjury, that; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.*

54.     Toytrackerz LLC, by way of Terri Coop, committed fraud before the Patent and Trademark Office, because Plaintiffs were fully informed of Defendant's prior and concurrent use of the trademarks in commerce, and swore to the contrary, under threat of perjury, before the U.S.P.T.O., in making application for the JED GIBSON trademark.

55.     Defendant can prove one and one half years of prior use of this trademark in commerce, and concurrent and continuous use of the JED GIBSON trademark in commerce, both interstate and international.

        WHEREFORE Defendant respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)      ORDERING that for reasons of prior and superior use of the trademark in commerce by the Defendant, and for the Plaintiffs' committing fraud in registering said trademark, the Plaintiffs' registration of the trademark JED GIBSON be cancelled.

b)      ORDERING that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income as a result of the activities alleged herein, in whatever amount the Court deems proper;

c)      ORDERING any other further relief as the court deems proper.


## COUNT IV: MARX TOYS  Serial. No. 78788519

        Lanham Act 15 USC §1120. *Civil liability for <u>false or fraudulent</u> registration. Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

56.     For its causes of action against Plaintiffs, Defendant incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth in this paragraph.

57.     Defendant began using the MARX trademark in interstate and international commerce in January 2005.  (Exhibits 16 to 20, PayPal

receipts-all JOHNNY WEST ADVENTURE boxes bear the MARX TOYS trademark)

58.   Defendant advertised use of the MARX trademark on the Plaintiffs' CXR chat group in February 2005, through the Koehler Customs website. (Please see Exhibit 3, archived website)

59.   Toytrackerz' counsel, Terri Coop, applied for said trademark on January 10, 2006, and the mark was put under opposition by American. (Exhibit 21, MARX TOYS opposition)

60.   Terri Coop applied for the MARX TOYS trademark while fully informed of the Defendant's prior and continued use of the trademark in interstate and international commerce, both in reproduction boxes and in custom never before manufactured proprietary items created by Defendant.

61.   In making application for the MARX TOYS trademark, before the U.S.P.T.O., Terri Coop swore, under threat of perjury, that; *to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.*

62.   Toytrackerz LLC, by way of Terri Coop, committed fraud before the Patent and Trademark Office, because Plaintiffs were fully informed of Defendant's prior and concurrent use of the trademarks in commerce, and Marx Toys and Entertainment Company's prior use in commerce of the trademarks, and swore to the contrary, under threat of perjury, before the U.S.P.T.O., in making application for the MARX TOYS trademark.

63.   Plaintiffs were selling merchandise bearing the MARX TOYS trademark, throughout 2005, that had been manufactured by Marx Toys & Entertainment.  They also claimed to be employees of the very same Marx

Toys and Entertainment Company.  (Exhibit 22, post by Terri Coop at CXR)

64.     Defendant can prove 4 years of prior use of this trademark in commerce, and concurrent and continuous use of the MARX/MARX TOYS trademark in commerce, both interstate and international.

WHEREFORE Defendant respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)     ORDERING that for reasons of the Plaintiffs' committing fraud in attempting to register said trademark, the Plaintiffs' claims to ownership of the trademark MARX TOYS be nullified.

b)     ORDERING that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income as a result of the activities alleged herein, in whatever amount the Court deems proper;

c)     ORDERING any other further relief as the court deems proper.

## COUNT V: FORT APACHE FIGHTERS  Serial. No. 78775612

Lanham Act 15 USC §1120. *Civil liability for* <u>*false or fraudulent*</u> *registration. Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.*

65.     For its causes of action against Plaintiffs, Defendant incorporates by this reference the preceding paragraphs of this Complaint as though fully set forth in this paragraph.

66.     Defendant began using the FORT APACHE FIGHTERS trademark in interstate and international commerce in January 2005.

67.     Defendant advertised use of the FORT APACHE FIGHTERS trademark
        on the Plaintiffs' CXR chat group in February 2005, through the Koehler
        Customs website.  (Please see Exhibit 3, archived website-FAF is
        abbreviation.)

68.     Toytrackerz' counsel, Terri Coop, applied for said trademark, and the
        mark was put under opposition by American.

69.     Terri Coop applied for the FORT APACHE FIGHTERS trademark while
        fully informed of the Defendant's prior and continued use of the
        trademark in interstate and international commerce, both in reproduction
        boxes and in custom never before manufactured proprietary items created
        by Defendant.

70.     In making application for the FORT APACHE FIGHTERS trademark,
        before the U.S.P.T.O., Terri Coop swore, under threat of perjury, that; *to
        the best of his/her knowledge and belief no other person, firm,
        corporation, or association has the right to use the mark in commerce,
        either in the identical form thereof or in such near resemblance thereto as
        to be likely, when used on or in connection with the goods/services of such
        other person, to cause confusion, or to cause mistake, or to deceive; and
        that all statements made of his/her own knowledge are true; and that all
        statements made on information and belief are believed to be true.*

71.     Toytrackerz LLC, by way of Terri Coop, committed fraud before the
        Patent and Trademark Office, because Plaintiffs were fully informed of
        Defendant's prior and concurrent use of the trademark in commerce, and
        American's prior use in commerce of the trademarks, and swore to the
        contrary, under threat of perjury, before the U.S.P.T.O., in making
        application for the FORT APACHE FIGHTERS trademark.

72.     Defendant can prove years of prior use of this trademark in commerce,
        and concurrent and continuous use of the FORT APACHE FIGHTERS
        trademark in commerce, both interstate and international.

WHEREFORE Defendant respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)      ORDERING that for reasons of the Plaintiffs' committing fraud in attempting to register said trademark, the Plaintiffs' claims to ownership of the trademark FORT APACHE FIGHTERS be nullified.

b)      ORDERING that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income as a result of the activities alleged herein, in whatever amount the Court deems proper;

c)      ORDERING any other further relief as the court deems proper.

## ADDITIONAL BACKGROUND INFORMATION

In the interest of expediting this litigation and conserving the Court's resources, Defendant states the following pertinent information:

73.     On March 28, 2006, Defendant signed a license agreement with American Plastic Equipment, Inc., under the avowal from American that American had ownership (and prior use to the Defendant) of all disputed and related trademarks. (Exhibit 23, contract with American, redacted)

74.     The contract with American states, " Jill Koehler (Jill) D/B/A "Koehler Custom (sic) Licensee of Englewood, Ohio, is in the business of creating and manufacturing and marketing reproduction packages of well known toys." Defendant was already 'in business' before the license agreement was signed, and Koehler never relinquished any rights of use of the trademarks.  The contract with American has makes no reference to the Defendant giving up any rights when entering into the contract.

75.     Defendant has currently a Petition for Cancellation before the U.S.P.T.O. for the three trademarks, BEST OF THE WEST, JOHNNY WEST

ADVENTURE, and JED GIBSON.  Terri Coop has attempted to invoke the 'merger rule', licensee estoppel and res judicata against this Defendant in regards to litigation in Kansas.

76.    Defendant, in entering into the year-long license agreement with American, never conceded any rights in the trademarks, superior or otherwise, as reflected in the contract. The 'merger rule' is not applicable in this case, particularly for the fact that the license agreement was terminated September 29, 2007. (Exhibit 24, email with American) "(O)nce the license has terminated, the question remains whether the former licensee is forever barred from challenging the holder's valid ownership. Some courts have held that the estoppel expires with the license." *Donald F. Duncan, Inc. v. Royal Tops Manufacturing Co.*, supra; *Bucky v. Sebo*, 208 F.2d 304 (2d Cir. 1953); *Eskimo Pie Corp. v. National Ice Cream Co.*, 26 F.2d 901 (6th Cir. 1928); *Amiesite Asphalt Co. v. Interstate Amiesite Co.*, 4 F.Supp. 504 (D.Del.1933).

77.    "After expiration of the license, a former trademark licensee may challenge the licensor's title on facts which arose after the contract has expired. *Callman, supra at 454; Medd v. Boyd Wagner*, 132 F.Supp. 399 (N.D.Ohio 1955). Thus a licensee affirms his licensor's ownership of the mark by entering into the agreement, but the straightjacket effect does not last interminably." citing from PROFESSIONAL GOLFERS ASSOCIATION OF AMERICA, Plaintiff-Appellee, v. BANKERS LIFE & CASUALTY COMPANY, Defendant-Appellant. United States Court of Appeals for the Fifth Circuit, June 13, 1975 186 U.S.P.Q. 447; 514 F.2d 665.

78.    Accepting a license does not constitute abandonment of Defendant's common law PRIOR rights.  The contract entered into with American was done with good faith by Defendant, with the understanding that, upon information and belief, American had rights prior to Defendant's, but notwithstanding the fact that Defendant still has, and continues to maintain, prior common law rights, and superior use, to the trademarks

before the Plaintiffs.  In addition, if American is said to have no legitimate rights to the trademarks in question, then any contract entered into by Defendant with American could not have been binding, and therefore estoppel is not applicable.

79.     It is an incontrovertible fact that the Defendant was utilizing the disputed trademarks in order to establish proprietary rights in the marks.

80.     It is also an incontrovertible fact that the Plaintiffs', and Terri Coop, were fully aware of the Defendant's use of the trademarks in commerce, and particularly as Terri Coop purchased customized trademarked boxes from the Defendant in February 2005, prior to Toytrackerz registration of said trademarks (see Exhibit 6, PayPal receipt).

81.     The Koehler Customs website clearly delineates the fact that Defendant is in the business of creating new custom action figures, horses and accessories, as well as boxes and manuals, utilizing the disputed trademarks in commerce with proprietary items. (See Exhibit 25, examples of proprietary items created and manufactured by Koehler Customs utilizing the referenced trademarks, in commerce, and reproduction boxes)  These circumstances alone are ample evidence of proving 'superior' use of the trademarks in question by the Defendant.

82.     Beginning in July 2006, and carrying through to present, Terri Coop has tortiously interfered with Defendant's sales through eBay, claiming ownership of various trademarks to eBay, as a lawyer, even ones for which she has no registration (MARX TOYS), in order to have Defendant's auctions cancelled, and to close Defendant's eBay store. (Exhibit 26 through 29, VeRO sales interference)

83.     On September 29, 2007, in an attempt to gain distance from the litigation being carried out between Toytrackerz and American in Kansas, Defendant ceased the license agreement with American Plastic, and continued using the referenced and disputed trademarks in commerce under her own authority, and continues to this day to use the trademarks in

interstate and international commerce, under right of common law use.
(Exhibit 24, email with Horowitz)

## COUNT 1V: UNFAIR COMPETITION AND DECEPTIVE TRADE

Under the Uniform Deceptive Trade Practices Act, a person engages in a deceptive trade practice when he or she:

(2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
(3) Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;
(10) *Disparages the goods, services or business of another by false representation of fact.*   R.C. §  4165.02(A).

"The Uniform Deceptive Trade Practices Act is substantially similar to section 43(a) of the Lanham Act [15 U.S.C. §  1125(a) ]…. In fact, an analysis appropriate for a determination of liability under section 43(a) of the Lanham Act is also appropriate for determining liability under the Ohio Deceptive Trade Practices Act." *Worthington Foods, Inc. v. Kellogg Co.*, 732 F.Supp. 1417, 1431 (S.D.Ohio 1990) (Kinneary, J.) (citations omitted).

84.    Beginning in July 2006, Terri Coop began interfering tortiously with Defendant's eBay auctions, claiming ownership of various trademarks to eBay, as a lawyer, even ones for which she has no registration, in order to have Defendant's auctions cancelled, and to cause Defendant's eBay store to close.  (Exhibit 26 through 29, VeRO)

85.    Terri Coop then progressed to claiming said trademarks before Café Press, which caused Defendant's stores there to be closed.

86.    On April 22, 2009, Plaintiff Noah Coop made a post at his CXR Yahoo group defaming Defendant's products that are currently for sale on the Koehler Customs website, along with another third party's products as

well, Mr. Steven Corn.  In the post, Coop inferred that the products the Defendant is selling are 'junk', and goes on to say that he intends to provide alternate items for the members of the group so that they will not have to patronize the Defendant's business. (Exhibit 30)

87.    On April 22, 2009, Terri Coop, attempting to cover up her husband's libelous comments, responded to the group with a post claiming that Noah Coop was perpetrating a 'late April Fool's joke' upon the members there, and that they really had no intentions of producing 1/6 scale horses, which the Defendant is currently selling.  (Exhibit 31)

88.    On April 24, 2009, Steven Corn, one of the other parties libeled by Noah Coop, wrote an email to Terri Coop and Noah Coop, requesting an apology for their words on the CXR chat group.  Terri Coop's response was typical in that she responded with threats of suing Mr. Corn.  In her email, she states, "The board posting was phrased as a joke and is being treated as one, but the actions we will continue to take will not be a joke. You've not been slandered, defamed, or anything you seem to claim."  It can be inferred by Mrs. Coop's response that Mr. Coop's words are being 'treated as a joke', when in fact, that was not the actual intent, but that it is a convenient stance for Mrs. Coop to take in backpedaling to try to cover her husband's tracks. (Exhibit 32, Corn email)

89.    In response to Noah Coop's post at the CXR group about Defendant's products, one of the members, on April 27, 2009, responded, asking who were the 'ones we shuld (sic) not buy from let me know pls (sic) and I won't…).  Mr. Coop's tactics of attempting to divert business away from this Defendant, and Mr. Corn, were apparently effective.  This is clearly tortious interference on the part of the Plaintiffs against the Defendant's business.  (Exhibit 33)

90.    Additionally, in an attempt to interfere with Defendant's business and to defame this Defendant, on March 28, 2009, Terri Coop made a post to her CXR chat group, insinuating that the Defendant had 'hacked' into her group in order to harvest email addresses (Exhibit 34).  In fact, Defendant

had 'harvested' her own clientele, and mass emailed a group of her prior and current customers to advertise an eBay auction that Defendant was running.  Coop, however, in her post, tried to portray Defendant as someone who was operating outside the law in order to gain sales. This is another absolute instance of libel on the part of the Plaintiffs against this Defendant.

91.    The Plaintiffs have unquestionably caused damage and injury to the Defendant's business and reputation by their lawless and willful actions. "…irreparable injury … 'follows when a likelihood of confusion or possible risk to reputation appears' from infringement or unfair competition." *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir.1999), quoting *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 599 (6th Cir.1991).

92.    In order to succeed on a claim for false and misleading advertising under the Uniform Deceptive Trade Practices Act, this Defendant must show: (1) the Plaintiff has made false or misleading statements of fact concerning his own product or another's; (2) the statement deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the Defendant. *Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F.Supp.2d 942, 951 (S.D.Ohio 2003) (Rice, J.), citing *American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir.1999); *Cesare v. Work*, 36 Ohio App.3d 26, 520 N.E.2d 586 (1987).

93.    The Plaintiffs made absolute false statements about the character of the Defendant, as well as disparaged the quality of the Defendant's merchandise.

94.    The Plaintiffs' chat group is comprised of 600 members, many of whom are clients of Koehler Customs.

95.     The false libelous statements by the Plaintiffs unquestioningly influenced and deceived customers, as evidenced by the response post by one of the group members, stating that the Plaintiffs should tell him who not to purchase items from.

96.     The false claims were introduced into interstate commerce, because the chat group is comprised of members from all over the United States, Canada, and even overseas.

97.     There is an absolute causal link between the challenged statements made by the Plaintiffs and harm to this Defendant, and Defendant has already suffered substantial loss of sales and reputation due to the conduct of the Plaintiffs.

98.     Toytrackerz and Coops' activity was willful and intentional.

99.     Toytrackerz and Coops' activity was in violation of Uniform Deceptive Trade Practices Act   R.C. § 4165.02(A), section 10, and section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)].

        WHEREFORE Defendant respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)      ORDERING that for reasons of tortious interference in the Defendant's business, and for libel against said Defendant, and for unfair business practices under Uniform Deceptive Trade Practices Act   R.C. §  4165.02(A), section 10, and section 43(a) of the Lanham Act [15 U.S.C. §  1125(a) ], that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income, and personal reputation, as a result of the activities alleged herein, in the sum of $10,000.00;

b)      ORDERING any other further relief as the court deems proper.

## COUNT V: LIBEL/DEFAMATION AND HARRASSMENT

In contrast to most states, which limit defamation *per se* to three or four specific categories of statements, Ohio defines the term as any statement that "reflects upon the character of [the plaintiff] by bringing him into ridicule, hatred, or contempt, or affects him injuriously in his trade or profession." *Becker v. Toulmin*, 138 N.E.2d 391, 395 (Ohio 1956).

Kansas Revised Statutes (1923), Section 21-2401 states: 'A libel is the malicious defamation of a person, made public by any * * * writing * * * tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse * * *.'

In Karrigan v. Valentine, 184 Kan. 783, at page 787, 339 P.2d 52 at page 55, the Court said: 'Words libelous per se are words which are defamatory in themselves and which intrinsically, by their very use, without innuendo and the aid of extrinsic proof, import injury and damage to the person concerning whom they were written. They are words from which, by the consent of mankind generally, damage follows as a natural consequence and from which malice is implied and damage is conclusively presumed to result.'

In Jerald v. Houston, 124 Kan. 657, at page 660, 261 P. 851, at page 852, the Court said: 'It is not the understanding of one or several readers which determines whether an article is libelous per se. The question is whether the words, on their face, without explanation or extrinsic proof, would necessarily, or as a natural or immediate consequence, cause injury * * * and the question is one of law for the court.'

The elements of a defamation claim are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication of the statement to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability or the existence of special harm caused by

the publication. *Akron-Canton Waste Oil v. Safety-Kleen Oil Servs.*, 611 N.E.2d 955 (Ohio App. 1992).

In the defamation context there is malicious purpose when a defendant makes a statement with knowledge that the statement is false or with reckless disregard of whether it was false. *Smith v. Klein*, 492 N.E.2d 852, 855 (Ohio App. 1985); *Costanzo v. Gual*, 403 N.E.2d 979, 983 (Ohio 1980).

100.    In August 2008, Terri Coop began an online blog called Marx Filings. She claimed that the blog was for 'informative' purposes, to inform people of the litigation that was ongoing between her company, Toytrackerz, and American Plastic. (Exhibit 35, August 2008 blog entry)

101.    To the contrary, Coop's blog began to serve as her self-indulgent, biased commentary regarding this Defendant, Defendant's motives and conduct, and relating information about the T.T.A.B cancellation of the trademarks in question.

102.    The ramblings posted on the blog by Mrs. Coop are prejudicial, puerile, and far below the standards of conduct one would expect from a member of the Bar.  In her August 8th posting, she says, "On August 8, 2008, Jill Koehler spent $900 in filing fees to file three half-baked and incredibly lame petitions to cancel our federally registered trademarks. I've heard that the Corral is all abuzz as Jill holds forth in her little closed and captive audience about how she has 'got us against the wall.' Whatever . . . Those were the poorest excuse for legal documents I've ever seen. I printed them out and handed them out to all of my legal friends as the biggest joke we've seen in a while. They were the hit of our last local Bar meeting."

103.    First, if true, the Plaintiff's counsel shows continuing and exceedingly bad taste in disparaging a *pro se* litigant before her lawyer colleagues.

104.    Secondly, the fact that the **Defendant** spent $900 of her hard-earned dollars to put forth a Petition for Cancellation at the T.T.A.B should demonstrate that the **Defendant** believes that she has legitimate standing to pursue the action before the Tribunal, and is taking the Plaintiffs'

infringement and fraudulent registration of the disputed trademarks seriously.

105.   Mrs. Coop goes on to forward other innuendo and blatant falsehoods, such as claiming that the Defendant stated that the Plaintiff had 'defaulted on her petitions'.

106.   The pejorative statements put forth by the Terri Coop in her ramblings are entirely unnecessary, and are damaging for the fact that they are untrue, and portray the Defendant in a bad light.  (Exhibit 36, Marx Filings)

107.   On April 22, 2009, in the midst of this litigation, Terri Coop again, even after having been asked numerous times to refrain from dispensing unwanted legal advice, attempted to intimidate the Defendant in an email correspondence. (Exhibit 37, email)

108.   Again, Terri Coop responded in another email, this time with a nonsensical reference to a paralegal practicing law.  Defendant is not a paralegal, Defendant is not a lawyer, Defendant does not dispense legal advice or write legal documents for anyone other than herself, and Defendant has never claimed to be affiliated with the Bar in any way, shape or form.  Terri Coop continually forwards threats and harassment not only to this Defendant, in regards to nearly everything, but also to Defendant's colleagues, using her position as a solicitor to attempt to harass and intimidate anyone who crosses her path, and particularly anyone who is perceived as being a business competitor.  (Exhibit 38, email response)(Exhibit 32, Corn email)

109.   Plaintiffs' counsel's conduct is in direct contravention to the code of conduct stated by the Kansas Bar, which reads, in pertinent part:

a)   *Shows respect for the legal system through* appearance, manner and *conduct* at all times;

b)   Who as a member of the judiciary should *avoid speech and gestures that indicate opinions not germane to the case*, require lawyers to be comprehensible in the courtroom, and *discuss pending cases only when all parties are present*;

c)      Is always *mindful of the responsibility to foster respect for the role of the lawyer in society*; and

d)      *Demonstrates respect for all persons*, regardless of gender, race, or creed.

110.    Defendant states that Terri Coop has failed, in particular, to be mindful of fostering respect for her role of lawyer in society.  Terri Coop's behavior and defamatory commentary on her blog and in email correspondence with the Defendant is ridiculous, and damaging to the Defendant's business and personal reputation, and should be censured.

111.    Certainly Plaintiffs' behavior falls under the guidelines established by the *per se* defamation statutes.  "A statement is defamatory if it "tends to injure the plaintiff's reputation and expose the plaintiff to public hatred, contempt, ridicule, or degradation." Phipps v. Clark Oil & Ref. Corp., 408 N.W.2d 569, 573 (Minn. 1987).

112.    Toytrackerz and Coops' activity was willful and intentional.

113.    Toytrackerz and Coops' activity was in violation of the Defamation Statutes.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in its favor against Toytrackerz LLC, Noah and Terri Coop as follows by:

a)      ORDERING that for reasons of libelous commentary and defamation engaged in by the Plaintiffs, which "reflects upon the character of [the Defendant] by bringing him into ridicule, hatred, or contempt, or affects him injuriously in his trade or profession." *Becker v. Toulmin*, 138 N.E.2d 391, 395 (Ohio 1956), that Toytrackerz and Coop, jointly and severally, be required to compensate Defendant monetarily for damage they have caused to Defendant's business income, and personal reputation, as a result of the activities alleged herein, in the sum of $10,000.00;

b)      ORDERING that the Plaintiffs and Plaintiffs' counsel be censured for their inappropriate behavior;

c)      ORDERING that the Plaintiffs and Plaintiffs' counsel be ordered to refrain from further harassment, defamatory commentary, and to cease all mention of this Defendant in any of their online venues, including the Marx Filings blog and the Circle X Ranch;

d)      ORDERING any other further relief as the court deems proper.

Respectfully submitted;

Jill Koehler, pro se
403 Rankin Drive
Englewood, Ohio 45322
937-832-7724
jillkoehler@woh.rr.com

CERTIFICATE OF SERVICE

The above and foregoing Certificate was transmitted to Terri L. Coop at circlexranch@sbcglobal.net via CM/ECF and Michael Kosowski at arkive5@yahoo.com via email delivery on June 5, 2009.

Jill Koehler