IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOYTRACKERZ LLC,
and NOAH C. COOP,

          Plaintiffs,                        Civil Action

v.                                          Case No. 08-2297-GLR

L. JILL KOEHLER,
et al.,

          Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Disqualify Counsel (doc. 68), filed by Defendants Koehler, Kosowski, and Bone.[1] Defendants seek to disqualify attorney Terri Coop from serving as counsel of record for Plaintiffs Toytrackerz LLC and Noah C. Coop. They argue that Ms. Coop should be disqualified from representing Plaintiffs because she is a material and essential witness under Kansas Rule of Professional Conduct 3.7. Defendants note that Ms. Coop was disqualified from representing Toytrackerz and Noah Coop in a prior case, *American Plastic Equipment, Inc. v. Toytrackerz, LLC*, et al., D. Kan. Case No. 07-2253-DJW. They argue for her disqualification here for the same reasons she was disqualified in that case. Ms. Coop and Plaintiff Noah Coop operate the family company Toytrackerz LLC, the co-Plaintiff in this case. Ms. Coop is the designated corporate representative for Plaintiff Toytrackerz LLC. More specifically the instant motion asks that Ms. Coop be disqualified from any of the following procedures:

    1.      Serving as trial counsel for Plaintiffs;

---

[1] Defendant Bone was dismissed from the action for lack of personal jurisdiction on May 28, 2009 (doc. 80).

    2.      Taking or defending depositions in this case;
    3.      Representing Plaintiffs Toytrackerz LLC or Noah Coop at the hearing on the motion for preliminary injunction;
    4.      Subscribing pleadings or submitting papers as attorney for either Plaintiff; and
    5.      Being present in the courtroom during any evidentiary hearing, except when testifying as a witness.

In response, Plaintiffs suggest that Ms. Coop is aware of the rules of conduct and that outside counsel would be required for any evidentiary hearings and trial. They argue, however, that Rule of Professional Conduct 3.7(a) does not disqualify Ms. Coop from serving as corporate representative for Plaintiff Toytrackerz LLC. Plaintiffs state they will retain attorney Justin Meeks of Fort Scott, Kansas, to serve as their counsel for trial, other hearings, and for depositions. Plaintiffs claim the right or privilege, nevertheless, for Ms. Coop to serve as the designated representative of Toytrackerz LLC, and in that capacity to be present during any depositions, evidentiary hearings, and trial.

For the reasons stated in the March 31, 2009 Memorandum and Order entered by Judge Waxse in Case No. 07-2253, the Court sustains the motion to disqualify Terry Coop from serving as counsel for Plaintiffs at trial, from taking and defending depositions in this case, and from participating as counsel in any evidentiary hearings. The motion is otherwise denied for the reasons stated in response of Plaintiffs. As a corporate party, Plaintiff Toytrackerz LLC has a right to be present by a corporate representative at trial and other evidentiary hearings and during depositions. The fact that Terry Coop may be disqualified from serving as its counsel of record does not disqualify her from attending those proceedings as the representative of Plaintiff Toytrackerz LLC. As a managing member of Toytrackerz she may serve as its representative for those purposes. That she may have knowledge and may testify as to relevant facts does not disqualify her from serving

as the representative of Toytrackerz for trial and other matters. Defendants castigate her conduct in applying for relevant trademarks and suggest she will be an untrustworthy witness. Such argument addresses her credibility as a witness, but it does not disqualify her from attending trial and other proceedings as the corporate representative for Plaintiff Toytrackerz LLC.

**IT IS THEREFORE ORDERED** that the Motion to Disqualify Counsel (doc. 68) is sustained in part and denied in part. Terry Lynn Coop is disqualified from serving as counsel for Plaintiffs at trial, from taking and defending depositions in this case, and from participating as counsel in any evidentiary hearing. She may serve, however, as the designated representative of Plaintiff Toytrackerz LLC and, in that capacity, may be present in the courtroom during any evidentiary hearings or at trial and during any depositions. The motion is otherwise denied.

Dated in Kansas City, Kansas on this 16th day of June, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge