IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TOYTRACKERZ LLC )<br>    A Kansas Limited Liability Co. )<br>NOAH C. COOP )<br>    An Individual )<br>    )<br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>JILL KOEHLER )<br>    dba Koehler Customs )<br>MICHAEL KOSOWSKI )<br>    dba Friends of Johnny )<br>    )<br>    Defendants, ) | Case No. 2:08-cv-02297 |

**PLAINTIFFS' MOTION TO DISMISS**

***COMES NOW*** the Plaintiffs, Toytrackerz LLC and Noah Coop, by and through attorneys of record, Justin Meeks and Terri Lynn Coop, with this request to dismiss case number 2:08-cv-02297 pursuant to Fed. R. Civ. P. 42(a)(2).  In support of this motion, Plaintiffs state the following:

This district in *Bell v. Turner Recreation Commission* (D. Kan. 9-8-2009) adopted the rule of the Tenth Circuit as stated in *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005), to-wit:  Rule 41(a)(2) permits a district court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper. . . absent legal prejudice to the defendant, the district normally should grant such a dismissal." *Bell* at 3, *Brown*, at 1123.  The court then listed several factors for the court to consider.  ***Relevant here is the third factor – the reason for the request for dismissal.***

Plaintiffs move to dismiss this cause of action for *one* reason:  the physical disability and

1

dehabilitation of Noah Coop, an officer of Toytrackerz LLC and individual plaintiff.

As a result of this crippling disability and dehabilitation, Noah Coop is physical unavailable as a witness at trial and to participate in preparation for this trial.

On November 20, 2009, Noah Coop was injured in a fall from a second story balcony. After being life-flighted to a Level 1 Trauma Center in Joplin, Missouri, Coop was hospitalized for ten weeks before his discharge on February 2, 2010. During a significant part of his hospitalization, Noah Coop was in grave condition and comatose. During this time, Noah Coop was not available to participate in trial preparations and other decisions regarding this case, particularly his personal claim against defendant Koehler for invasion of privacy.

As a result of his injuries, including two vertebrae that crushed his spine as they disintegrated, Noah Coop is now a T-6 complete paraplegic (paralyzed from the sixth thoracic vertebra (upper middle back) down to his feet with no chance of recovery of feeling or function).

Just before Christmas, Coop underwent spinal fusion surgery that pinned and immobilized his spine from the fifth thoracic vertebra to the eleventh thoracic vertebra. The recovery period for this surgery is at least sixth months, and as long as two years. This type of surgery leaves the patient in pain from inflammation around the titanium screws embedded in the spine and wrapped in lab-grown bone proteins. This pain, often severe, cannot be treated with any type of anti-inflammatory medication for a minimum of six months.

Coop also suffers from severe, chronic, and incurable neuropathy, phantom limb pain, and spasticity complicated by bone fragments that remain embedded in his spinal cord.

Coop also suffers from severe, chronic, and incurable shoulder pain from severe injuries to his rotator cuffs that is exacerbated by having to use his arms and shoulders to support the entire weight of his paralyzed body when moving. Consequently, Noah Coop, while able to use

a wheelchair for short periods of an hour or so, is bed-ridden 16 – 18 hours per day.

While his condition may eventually improve, it will not be significantly improved by the April 2010 trial date. Consequently, Noah Coop will not be physically fit to appear before the court.

Finally, since his accident, Noah Coop has experienced memory lapses, some minor – some severe, from the time before his accident. This memory difficulty is exacerbated by the interaction of the dozen-plus prescription medications he must take to maintain his condition and combat the severe and chronic pain. These medications include several opiate-based drugs that impair Coop's cognition and memory functions. Plaintiffs' counsel cannot ethically place Noah Coop under oath while he is under the influence of these powerful drugs and Noah Coop cannot function without these medications. As a result, Noah Coop is not physically fit to appear before the court.

Plaintiffs do not have a vehicle that is equipped to safely transport Noah Coop from Fort Scott, Kansas to Kansas City, Kansas without great pain and risk to Noah Coop's physical health and well-being.

During his hospitalization, Noah Coop suffered three bouts of severe and near-fatal pneumonia and remains very susceptible to respiratory infection. His personal care and hygiene require several hours per day and there are no facilities in the courthouse suitable for Noah Coop's personal care. Because of the newness of his injury and his severe upper body pain, the basic and traditional handicap modifications in public buildings are insufficient for Mr. Coop to access these facilities. He requires more access and assistance than can be found in a public building. Plaintiffs' counsel is negotiating with Medicaid for a personal care assistant for Mr. Coop, but the request has not been approved. As a result, Mr. Coop cannot attend the trial at the

federal courthouse for reasons of physical safety, transport safety, comfort, and sanitation.

Taken in their entirety, Noah Coop's injuries and post-injury complications render him incapable of participating meaningfully in trial preparation, prevent him from attending the trial and prevent him from acting as a witness at the trial.  To require this or expect this would not only inconvenience Mr. Coop, but endanger his physical and mental health and welfare.

Consequently, plaintiffs assert that this is a sufficient reason to request this matter be dismissed without prejudice.  Noah Coop's injury was unexpected, unplanned, and catastrophic.  His recovery is beyond the control of the plaintiffs.  Furthermore, plaintiffs' counsel do not want to jeopardize Mr. Coop's recovery with the stress and pressure of having a trial hanging over his head and dependant on his regaining his physical and mental abilities.

Plaintiffs thank the court for continuing the final pre-trial conference for as long as possible so that plaintiffs' counsel could assess Mr. Coop's condition and recovery.  Currently, plaintiffs do not believe a continuance of even six months would ensure Mr. Coop's ability to meaningfully participate in the trial.

Plaintiffs would rather dismiss this cause of action than to tie up scant court resources with medical delays.  However, plaintiffs assert that this matter should be dismissed without prejudice because the reason for dismissal was completely beyond the control of the plaintiffs.

Plaintiffs respectfully request this matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 42(a)(2) with whatever curative conditions the court should impose.
Submitted the 19th day of February 2010.

| | |
|---|---|
| **/s/ Terri Lynn Coop** | **/s/ Justin Meeks** |
| Coop Law Office | Meeks Law Firm |
| 10 N. National Ave. | 119 South Main Street |
| Fort Scott  KS  66701 | Fort Scott  KS  66701 |

(620) 215-3512                                                          (620) 223-4949
circlexranch@sbcglobal.net                                  jmeeks@meeksklutman.com

## CERTIFICATE OF SERVICE

I certify that on the 19th day of February 2010, I served this motion to dismiss to the following parties via the CM/ECF system as defendants' counsel has consented to electronic service.

**David E. Herron , II**
Herron Law Office
PO Box 12457
Overland Park , KS 66282
(913) 495-9465
Email: herronlaw@kc.rr.com

                                       s/ Terri Lynn Coop
                                       Terri Lynn Coop, Kansas Bar #19269
                                       10 N. National Ave.
                                       Fort Scott  KS  66701
                                       Phone:  (620) 215-3512
                                       circlexranch@sbcglobal.net